UNITED STATES *v.* INDRELUNAS

No. 72–805. Decided April 16, 1973

PER CURIAM.

The Government, petitioner here, appealed to the Court of Appeals from a judgment in favor of respondent entered by the District Court on February 25, 1971. The Court of Appeals dismissed the appeal, holding that final judgment had been entered in the action prior to February 25, 1971, and that therefore the Government's appeal was untimely under the provisions of Fed. Rule App. Proc. 4. *Foiles* v. *United States,* 465 F. 2d 163 (CA7 1972). Since both parties implicitly concede that the jurisdiction of the Court of Appeals was based on the provisions of 28 U. S. C. § 1291, making final decisions of the district courts appealable, the correctness of the Court of Appeals' decision depends on whether the District Court's judgment of February 25, 1971, was a final decision.[1] That question, in turn, depends on whether actions taken in the District Court previous to

---

[1] Fed. Rule Civ. Proc. 54 (a) provides in part that " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies."

the February date amounted to the "entry of judgment" as that term is used in Fed. Rule Civ. Proc. 58.[2]

Rule 58 provides in pertinent part that "[e]very judgment shall be set forth on a separate document." There was admittedly no such separate document filed in the District Court in this case prior to the February date, but the Court of Appeals held that the "separate document" requirement of Rule 58 was applicable only to those judgments described in clause (2) of the first sentence of the Rule, and that since the relief granted by the District Court in this action was not within the description contained in that clause, a "separate document" was not essential to the existence of a judgment. The Court of Appeals stated in its opinion that its holding was contrary to holdings of the Courts of Appeals for the Third, Fifth, and Tenth Circuits, respectively. 465 F. 2d, at 167.[3] A conflict on an issue

---

[2] Rule 58 provides:

"Subject to the provisions of Rule 54 (b): (1) upon a general verdict of a jury, or upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court; (2) upon a decision by the court granting other relief, or upon a special verdict or a general verdict accompanied by answers to interrogatories, the court shall promptly approve the form of the judgment, and the clerk shall thereupon enter it. Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79 (a). Entry of the judgment shall not be delayed for taxing of costs. Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course."

[3] See *Levin* v. *Wear-Ever Aluminum,* 427 F. 2d 847 (CA3 1970); *Pure Oil Co.* v. *Boyne,* 370 F. 2d 121 (CA5 1966); *United States* v. *Evans,* 365 F. 2d 95 (CA10 1966). The decision may also

such as this is of importance and concern to every litigant in a federal court, since, as this case makes clear, the timeliness of appeals, as well as the timeliness of post-trial motions, may turn on the question of when judgment is entered. Consideration of the petition for certiorari and the response has led us to conclude that further briefs and oral arguments would not materially assist in our disposition of the case and, for the reasons hereafter stated, we grant certiorari and reverse the judgment of the Court of Appeals.

The underlying dispute between the Government and respondent related to the latter's liability to pay withholding taxes due from a corporation in which he was an officer. Respondent and one Foiles, a fellow corporate officer, were assessed for the unpaid taxes, made partial payments on the assessments, and then unsuccessfully pursued administrative remedies seeking a refund. At the conclusion of these efforts Foiles sued in the District Court for a refund. The Government answered, counterclaimed against Foiles for the balance due on the assessment, and filed a third-party complaint seeking like recovery against respondent. Issue was joined, trial had to a jury, and verdicts in the following form were returned in favor of both taxpayers:

> "We, the jury, find for the plaintiff, Harry H. Foiles, and against the defendant, United States of America, in the amount claimed. . . .
>
> "We, the jury, find against the defendant, United States of America, on the counterclaim, and in favor of the plaintiff, Harry H. Foiles. . . .
>
> "We, the jury, find against the third-party plaintiff, United States of America, and in favor of the third-party defendant, Alphonse T. Indrelunas."

conflict with a recent Fourth Circuit case. *Superior Life Insurance Co.* v. *United States,* 462 F. 2d 945 (CA4 1972).

The District Court's civil docket entry following the recital of these forms of verdict contains the language "Enter judgment on the verdicts. Jury discharged."

There was apparently no agreement as to the exact amount respondent and Foiles were to receive pursuant to the jury's verdict at the time it was returned. On May 14, 1970, some 14 months later, a stipulation was filed in the District Court specifying the amount of refund to be paid to each of the prevailing parties. Within 60 days of this date, the Government filed a notice of appeal as to Foiles only, but this appeal was not pursued. Some eight months later, on motion by the Government, the District Court on February 25, 1971, entered formal judgments, the one in favor of respondent being in the amount of $3,621.32 against the Government. The Government's notice of appeal was from this judgment.

The Court of Appeals, in holding the Government's notice of appeal untimely, decided that judgment had been actually entered on March 21, 1969, when the District Court clerk entered in the civil docket the notations described above. It held that the "separate document" requirement contained in Rule 58 applies only to the "complex" judgments described in clause (2) of that Rule. The court said that:

> "[W]hen the jury verdict is clear and unequivocal, setting forth a general verdict with reference to the sole question of liability and where nothing remains to be decided and when no opinion or memorandum is written, as is the situation described in clause (1) of Rule 58, there is no requirement for a separate document to start the time limits for appeal running." 465 F. 2d, at 167–168.

Rule 58 was substantially amended in 1963 to remove uncertainties as to when a judgment is entered and to

expedite the entry of judgment by limiting the number of situations in which the court need rely on counsel for the prevailing party to prepare a form of judgment. The first sentence of the rule describes "simple" judgments, providing for recovery of only a sum certain, of costs, or of nothing. These clause (1) judgments are to be prepared, signed, and entered by the clerk without direction by the court. Clause (2) of that sentence deals with the more "complex" forms of judgment, which are to be entered by the clerk after the court approves the form of the judgment. The rule then continues that "[e]very judgment shall be set forth on a separate document," and further states that "[a] judgment is effective only when so set forth and when entered as provided in Rule 79 (a)."

The reason for the "separate document" provision is clear from the notes of the advisory committee of the 1963 amendment. See Notes of Advisory Committee following Fed. Rule Civ. Proc. 58, reported in 28 U. S. C. Prior to 1963, there was considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and occasional grief to litigants as a result of this uncertainty. See, e. g., *United States v. F. & M. Schaefer Brewing Co.*, 356 U. S. 227 (1958). To eliminate these uncertainties, which spawned protracted litigation over a technical procedural matter, Rule 58 was amended to require that a judgment was to be effective only when set forth on a separate document.

Professor Moore makes the following cogent observation with respect to the purpose of the separate-document provision of the rule:

> "This represents a mechanical change that would be subject to criticism for its formalism were it not for the fact that something like this was needed to make certain when a judgment becomes effective,

which has a most important bearing, *inter alia,* on the time for appeal and the making of post-judgment motions that go to the finality of the judgment for purposes of appeal." 6A J. Moore, Federal Practice ¶ 58.04 [4.–2], at 58–161 (1972).

Again in the same work, the author notes:

"Although confusion may still arise at times, the current version of Rule 58 provides a greater degree of certainty as to when a judgment has been rendered and becomes effective. Thus, as previously pointed out, when the court's decision, whether written or oral, is a simple grant of a sum certain or costs or that all relief be denied, the clerk is to prepare forthwith and sign a judgment which must be set forth on a separate document. Thereafter, the clerk is immediately to enter the judgment in the civil docket." *Id.,* at 58–180.

Here there was nothing meeting the requirement of the "separate document" provision of Rule 58 until February 25, 1971. The docket entry following the jury's verdict simply reflected the jury's determination as to the liability of the parties, without specifying an amount due; more importantly, notwithstanding the instructions of the court, it was not recorded on a separate document.

The Court of Appeals appears to have been motivated in its conclusion, at least in part, by what it felt to have been the capricious conduct of the Government in first seeking to appeal following the filing of the stipulation for damages, and then later insisting that at that time there had been no judgment which it could have appealed from. But whatever may be the appropriate sanctions available in a particular case for capricious conduct on the part of a litigant, we do not believe that a case-by-case tailoring of the "separate document" provision of Rule 58 is one of them. That provision is, as Professor

Moore states, a "mechanical change" that must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered.

We grant the petition for certiorari, reverse the judgment of the Court of Appeals, and remand for further proceedings consistent with this opinion.

*It is so ordered.*