**In the Matter of Herman MORALEZ and Josephine Pearl Moralez, Debtors,**

**Paul DeBruce WOLFF, as Chapter XIII Trustee, Appellant,**

v.

**WELLS FARGO BANK, a National Association, Appellee.**

**No. 75–2764.**

United States Court of Appeals, Ninth Circuit.

Feb. 18, 1977.

As Amended on Denial of Rehearing May 11, 1977.

Lynn Anderson Koller, Kornfield & Koller, Oakland, Cal., for appellant.

Robert L. Ward, Oakland, Cal., David J. Brown, Brobeck, Phleger & Harrison, San Francisco, Cal., for appellee.

Before WRIGHT and ANDERSON, Circuit Judges.

## ORDER

Upon due consideration, this appeal is dismissed for lack of jurisdiction, no separate judgment appearing in the record. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).

Upon entry of a judgment, if a new appeal is taken, then upon stipulation or motion the record in this appeal may be transferred to the new appeal. The clerk is instructed to retain the records and briefs in this appeal for three months from the date of this order.

Before WRIGHT, TRASK and ANDERSON, Circuit Judges.

## ORDER

The petition for rehearing is denied, and this court's order of February 18, 1977 is amended to read:

This appeal is dismissed for lack of jurisdiction, no separate document constituting a judgment appearing in the record. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). Upon entry of a judgment, if a new appeal is taken, then upon stipulation or motion the record in this appeal may be transferred to the new appeal.

This appeal raises the significant question whether every judgment shall be set forth on a separate document in bankruptcy proceedings.

Appellants contend that Rule 58, Fed.R. Civ.P., does not apply to bankruptcy proceedings because the Rules of Bankruptcy Procedure control all matters before the district court, including appeals, and that the Rules of Civil Procedure do not apply except insofar as the Bankruptcy Rules specifically provide.

We need not resolve this issue here because the Bankruptcy Rules plainly contemplate a separate document. The first sentence of Rule 921(a) states unequivocally: "A judgment in an adversary proceeding or contested matter *shall* be set forth on a separate document." (Emphasis added.)

Bankruptcy Rule 901(8) defines judgment to include:

> any order appealable to the district court or, if entered by a district judge when acting as a bankruptcy judge, appealable to the court of appeals.

*Cf.* Rule 54(a), Fed.R.Civ.P.

The Advisory Committee Notes to Rule 921(a) explicitly comment that the requirement of a separate document is derived from Rule 58, Fed.R.Civ.P. The Advisory Committee recognized that the rationale for a separate document is no less compelling in a bankruptcy proceeding.

> The purpose of the separate document requirement is to eliminate uncertainty as to whether an opinion or memorandum of the court constitutes a judgment if and when entered on the docket.

Advisory Committee Notes on Bankruptcy Rule 921(a). *Cf.* Advisory Committee Comment on the 1963 Amendment to Rule 58, Fed.R.Civ.P. *See also* 13 Collier on Bankruptcy, ¶ 921.02, at 9–109–9–110 (14th ed. 1976).

The Advisory Committee further illustrates its intent by referring to Forms 31 and 32 accompanying the Fed.R.Civ.P. as examples of separate documents intended by the drafters of the Bankruptcy Rules to be acceptable.

Prior to the enactment of the Bankruptcy Rules, Rule 58's provision for a separate document was applicable to bankruptcy proceedings and we read the Advisory Committee's Notes as an expression of intent to retain the wisdom of this Rule. We also observe that the need for alleviating any uncertainty about whether a judgment ex-

ists is particularly pressing in the bankruptcy context where the period of time for appeal is more limited than in other civil cases.

For these reasons we conclude that this court's General Order Number 30 may be an appropriate guideline to the district courts in determining the adequacy of bankruptcy judgments.

The clerk will retain the records and briefs in this appeal for three months from the date of this order.