It is well settled that a bankruptcy discharge will not prevent a creditor from enforcing in a post discharge proceeding valid liens against either exempt or non-exempt property. *Long v. Bullard*, 117 U.S. 617, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), and *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935).

The only mechanism provided in the Code for the preservation of property of the debtor after discharge affects those types of encumbrances and those kinds of specified property found in § 522(f). Following the reasoning and result in *Williams, supra*, would lead to the conclusion that 11 U.S.C. § 522(f) is unnecessary. 11 U.S.C. § 524, as explained in a recognized treatise, is effective and will operate only as an injunction against the employment of process to collect or recover a debt as a *personal liability* of the debtor. 3 *Collier on Bankruptcy*, ¶ 524.01 (15th Ed. 1981).

For the foregoing reasons, IT IS OR-DERED AND ADJUDGED that the debtors' motion be and is overruled. 11 U.S.C. § 524 and § 727. *In Re Grimes*, 6 B.R. 943, 7 BCD 576 (Bkrtcy.D.Kan.1980).

In re Edward MAHAKIAN, Debtor.

**TRAVELERS EXPRESS CORPORATION, Plaintiff,**

v.

**Edward MAHAKIAN, Defendant.**

**Bankruptcy No. 70–93536–W.**

United States Bankruptcy Court, E. D. Michigan, S. D.

Dec. 17, 1981.

Robert Kefgen, Detroit, Mich., for Travelers Express Corp.

Julius Grossbart, Detroit, Mich., for Edward Mahakian.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

### FINDINGS OF FACT

Plaintiff brought suit on April 29, 1981, to renew a judgment allegedly entered by this court on May 20, 1971. The only indication of a judgment being entered is a notation on the docket sheet which reads as follows:

"12. Adj. hear. on Application pursuant to Section 17c(2) to have Section 17a(2), (4) Liabilities excepted from Discharge. Present: Referee Hackett

Appearances: Julius M. Grossbart, Atty. for Bankrupt, Robert F. Kefgen, Atty. for Travelers Express Co., Inc., Glynn C. Payne sworn and exam. Application granted—judgment in amount of $23,290.92."

Plaintiff argues that through inadvertence or mistake a formal judgment was not signed and therefore the plaintiff is entitled to an order nunc pro tunc officially entering the judgment.

In his motion for summary judgment and his response to the plaintiff's motion for a nunc pro tunc order, the defendant sets forth three arguments. First, the defendant claims that he is entitled to summary judgment pursuant to Rule 756 since the plaintiff failed to follow the mandate of Rule 921. Secondly, the defendant asserts that the notation on the docket sheet does not constitute a judgment since the proceeding of May 20, 1971 was merely a determination of dischargeability of a debt. Finally, the defendant claims that Federal Rule of Civil Procedure 60, made applicable to the Bankruptcy Courts by Rule 924, is not satisfied since the plaintiff has made no showing of excusable neglect, inadvertence, mistake or surprise. There are no transcripts of the May 20, 1971 proceeding.

### CONCLUSIONS OF LAW

Under Rule 901(8) the definition of judgment includes "any order appealable to the District Court or, if entered by a District Judge when acting as a Bankruptcy Judge, appealable to the Court of Appeals."

For the reasons set forth below, the entry on the docket sheet does not constitute a judgment and therefore the plaintiff's request for an order nunc pro tunc is denied.

Rule 921(a) provides:

"A judgment in an adversary proceeding or contested matter shall be set forth on a separate document. Every judgment shall be entered forthwith in the referee's docket as provided in Rule 504 or, if the judgment is by the District Judge, in the civil docket as provided in Rule 79(a) of the Federal Rules of Civil Procedure. A judgment is effective only when entered as recorded by this subdivision."

The rule requires two items; (1) a separate document which recites the decision of the court, and (2) a notation of the substance of that document on the court's docket sheet. The defendant points out that the separate document requirement was upheld by the Supreme Court in *United States v. Indrelunas*, 411 U.S. 216; 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). That case is similar to the one presently before the court. The District Court jury had rendered a verdict for Indrelunas which was noted on the court's docket sheet on March

21, 1969. A judgment on a separate document was not signed until February 25, 1971. The government did not appeal the decision until the order was signed. On appeal from a Court of Appeals dismissal of the action as untimely, the Supreme Court, construing Federal Rule of Civil Procedure 58 (which is substantially the same as 921(a)), reversed the Court of Appeals holding that unless there is a judgment set forth on a separate document there is no judgment notwithstanding the entry on the docket sheet.

The defendant also refers to *Matter of Moralez*, 553 F.2d 1192 (9th Cir. 1977). The *Moralez* court, citing *Indrelunas*, dismissed an appeal for lack of jurisdiction since no separate document constituting a judgment appeared on the record.

Based on the above cases, and absent anything to the contrary submitted by the plaintiff, it would appear the entry on the docket sheet does not constitute a judgment as contemplated by the Federal Rules of Civil Procedure and Rule 921 of the Bankruptcy Rules. It should be noted that Rule 921(a) is derived from Federal Rule of Civil Procedure 58. (See Advisory Committee Notes to 921(a)). There being no judgment entered on a separate document, the court cannot enter an order nunc pro tunc supplying a judgment ten years after the fact where one had never existed before.

The defendant asserts that even if there had been a determination that the debt was non-dischargeable, this would not mean that there was a determination as to liability by the court. The defendant cites *Helms v. Holmes*, 129 F.2d 263 (4th Cir. 1942), to illustrate the theory that prior to 1970 a discharge was neither payment nor extinguishment of a debt but was merely a bar to its enforcement by legal proceedings, interposed in state actions as an affirmative defense. Additionally, counsel cites a number of cases which stand for the proposition that the court, under § 17 of the old Act, determined only the status of the debtor vis-a-vis his creditors. This distinction, counsel claims, was carried forward into a 1970 amendment to § 17c(3). The amendment reads as follows:

"After hearing upon notice, the court shall determine the dischargeability of any debt for which an application for such determination has been filed, shall make such orders as are necessary to protect or effectuate a determination that any debt is dischargeable and, if any debt is determined to be non-dischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof."

Counsel correctly states that the claim by Travelers was not fully adjudicated but merely decided to be unaffected by the discharge. It would appear the court failed to follow the mandate of the 1970 amendment; apparently it did not decide the remaining issues which may or may not have been present. The record does not reveal whether there were any remaining issues but it does appear that Travelers failed to adjudicate fully its claim.

The defendant finally argues that the plaintiff, in its prayer for a nunc pro tunc order, failed to make a showing of mistake, excusable neglect, inadvertence or surprise as required by Federal Rule of Civil Procedure 60, made applicable to the Bankruptcy Courts by Rule 924. The plaintiff does not provide the court with any reason whatsoever as to why it waited ten years to enforce the alleged judgment it received. The only argument which the plaintiff offers to the court is that the nunc pro tunc is proper because the record needs to be corrected. The plaintiff fails to state whether a judgment was properly rendered in the first place. The maxim that equity will not help those who do not protect their rights by acting with due diligence is fully applicable in this case.

Therefore, there being no judgment upon which relief can be granted, it appearing that no separate document was ever prepared, the defendant's motion for summary judgment should be and hereby is granted; the plaintiff's motion for a nunc pro tunc order is denied.

So ordered.