KANEMATSU–GOSHO, LTD.,
Plaintiff-Appellant,

v.

M/T MESSINIAKI AIGLI, Amigos Compania Naviera, S.A., Mobil Shipping and Transportation Co., Leeward Petroleum Company, Ltd., and Doman Tankers, Inc., Defendants-Appellees.

LEEWARD PETROLEUM COMPANY, LTD., Third-Party Plaintiff,

v.

E.W. SAYBOLT & CO., LTD., Third-Party Defendant-Appellee.

Docket 86–7610.

United States Court of Appeals,
Second Circuit.

Argued Sept. 2, 1986.

Decided Oct. 24, 1986.

Opinion Filed Nov. 7, 1986.

Donald B. Allen, New York City (Caspar F. Ewig, Keith B. Dalen, Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, of counsel), for plaintiff-appellant.

Lionel R. Saporta, New York City (Hill, Betts & Nash, New York City, of counsel), for defendant-appellee Leeward Petroleum Co., Ltd.

Before MANSFIELD, PIERCE and PRATT, Circuit Judges.

PER CURIAM:

This matter comes before us upon the motion of defendant-appellee Leeward Petroleum Company, Ltd. ("Leeward") to dismiss this appeal as untimely taken. On October 24, 1986, we denied the motion with an opinion to follow.[1]

BACKGROUND

Plaintiff-appellant Kanematsu-Gosho, Ltd. ("KGL") commenced this action in the United States District Court for the Southern District of New York, alleging the contamination of a cargo of jet fuel. On January 8, 1986, after a non-jury trial, Judge Motley filed an opinion in which she dismissed all of KGL's claims. The opinion stated in pertinent part:

> Plaintiff is assessed the reasonable attorney fees of defendants Leeward, Amigos, and Mobil, and of third-party defendant Saybolt. By March 16, 1986 the prevailing parties are ordered to submit competent documentation to the court of their costs and attorney fees incurred in this suit. A hearing on the calculation of costs and attorney fees will be held on

---

1. The appeal was argued on the merits before another panel on October 28, 1986.

Thursday, April 3 at 4:30 P.M. in court-room 906.

On January 9, 1986, Judge Motley filed a document entitled *"ORDER"* that contained nearly identical language. The clerk entered this order on the district court docket sheet as an "ORDER".

On January 17, 1986, KGL moved pursuant to Fed.R.Civ.P. 52(b) to amend the "judgment." Judge Motley filed an opinion denying the motion on March 13, 1986.

Pursuant to the opinion of January 8, 1986 and order of January 9, 1986, proceedings were held with respect to the amount of costs and attorneys' fees to be assessed against KGL. On June 27, 1986, the district judge filed an opinion and separate order setting the amounts thereof. The order, which was denominated "JUDGMENT # 86,1528 & ORDER," concluded, "plaintiff's claims in this case having all been dismissed and attorney fee award amounts having now been determined, this case is hereby closed." KGL filed its notice of appeal on July 24, 1986.

## DISCUSSION

Leeward moves to dismiss the appeal, arguing that the opinion and order of January 8 and January 9, 1986, respectively, together constituted the district court's final judgment on KGL's claims and on the issue of the defendants-appellees' entitlement to an award of costs and attorneys' fees. This proceeding purports to be an appeal from a "final decision[ ] of the district court[ ]." 28 U.S.C. § 1291 (1982). As such, a notice of appeal must be filed "within 30 days after the date of entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). Leeward asserts that since the January 1986 opinion and order disposed of all issues except the "collateral" one of attorneys' fees, they constituted a final judgment. Thus, it is suggested that, following the extension of time to appeal which was effected by KGL's unsuccessful Rule 52(b) motion, *see* Fed.R.App.P. 4(a)(4), the time for KGL to appeal expired in April 1986—about three months before KGL filed its notice of appeal.

■ Fed.R.Civ.P. 58 provides that "[e]very judgment shall be set forth on a separate document." This is an obligation imposed upon the clerk of the district court unless the court directs otherwise. *Id.; see also* Fed.R.Civ.P. 79. The time for appeal does not start running until this separate document is entered. *See Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir.1986). The amendment requiring a separate document was added to Rule 58 in 1963. The notes of the advisory committee pertaining to this amendment indicate that where, as here, the district court has written an opinion with "apparently directive or dispositive words," it was often unclear whether a "judgment" had been entered for the purpose of starting the time running for taking an appeal. As stated by the Supreme Court in *Bankers Trust Co. v. Mallis*,

[t]he separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely.

435 U.S. 381, 385, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) (per curiam). The Supreme Court has instructed that the separate document requirement "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *United States v. Indrelunas*, 411 U.S. 216, 221–22, 93 S.Ct. 1562, 1565, 36 L.Ed.2d 202 (1973) (per curiam). In *Indrelunas*, a notation of the jury's verdict had been entered on the district court docket sheet—that notation directed, "[e]nter judgment on the verdicts. Jury discharged." *Id.* at 218–19, 93 S.Ct. at 1563. The Supreme Court held that such notations on the docket sheet did not satisfy the separate document requirement of Rule 58.

■ Arguably, the separate order entered herein on January 9, 1986, could constitute the separate document required by Rule 58. This position has been accepted

in at least two circuits in which we find decisions which seem to assume that a document denominated an order can be a judgment that satisfies the separate document requirement. *See Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Commission,* 781 F.2d 935, 938–39 (D.C.Cir.1986); *Beaudry Motor Co. v. ABKO Properties, Inc.,* 780 F.2d 751, 753–56 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 100, 93 L.Ed.2d 51 (1986).

We are unable to follow this approach since to do so would detract from the evident purposes of the separate document requirement, namely, ensuring that the parties have clear notice of the entry of final judgments, thus allowing them to know with some certainty when an appeal must be noticed. One clear way to do this is to call a judgment a judgment. Consistent with the plain language of Fed.R.Civ.P. 58 and with our reading of *Mallis* and *Indrelunas, supra,* we therefore hold that there was no final judgment entered herein until a separate document was filed and entered—this occurred on June 27, 1986—and that document was denominated a "judgment." *See, e.g.,* Fed.R.Civ.P. appendix of forms, Form 31, Form 32.

We are aware that Fed.R.App.P. 4(a)(1) sets the time for appeal running from the date of entry of the "judgment *or order* appealed from." (emphasis added). Rule 4(a) is derived from old Fed.R.Civ.P. 73(a), which was abrogated in 1967. *See* Fed.R. App.P. 4 advisory committee note. The words "or order" were added when the new Rule 4(a) was adopted. *Compare* Fed. R.Civ.P. 73(a), 28 U.S.C. App. (1964) *with* Fed.R.App.P. 4(a), 28 U.S.C. App. (Supp. IV 1965–1968). Although the advisory committee does not explain or even mention the added words, we note that certain interlocutory orders are appealable as of right. *See* 28 U.S.C. § 1292(a) (1982). One might assume that the words "or order" refer to such interlocutory orders. The words were not, in our view, intended to indicate that a separate "order" such as that filed herein on January 9, 1986, should be viewed as a "judgment" satisfying the separate document requirement of Rule 58.

We conclude with a caution. We have not set out the circumstances under which a judgment becomes *final.* A judgment can be a judgment without being final. The issue of finality must be decided based upon " 'whether the district court intended the judgment to represent the final decision in the case.' " *Ellender v. Schweiker,* 781 F.2d at 317 (quoting *Bankers Trust Co. v. Mallis,* 435 U.S. at 385 n. 6, 98 S.Ct. at 1120 n. 6).

For the foregoing reasons, we deny Leeward's motion to dismiss this appeal.