Decided August 11, 1987

IN THE DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | | |
|---|---|---|
| AUGUSTA B. MATSUMOTO and JOSE Y. MATSUMOTO, | ) ) ) | D.C.A. No. 86 9031 |
| Plaintiffs-Appellants, | ) ) | CTC CIVIL ACTION NO. 86-13 |
| vs. | ) ) ) | |
| MAXIMO DELOS REYES AKIYAMA, VICTORIA A. VAUGHAN and MARIA A. ALDAN, Sole Heirs of MARIA SABLAN DELOS REYES, deceased, | ) ) ) ) ) ) | OPINION |
| Defendants-Appellees. | ) ) | |

Counsel for Appellants:    DOUGLAS F. CUSHNIE
P.O. Box 949
Saipan, CM  96950
(670) 234-6830

Counsel for Appellees:    MARYBETH HERALD
Fitzgerald, Herald & Bergsma
P.O. Box 909
Saipan, CM  96950
(670) 234-6745/7241

BEFORE:  LAURETA, DUENAS, and NIELSEN*, District Judges

LAURETA, District Judge:

PROCEDURAL HISTORY

Appeal is taken from the Commonwealth Trial Court's October 20, 1986, dismissal with prejudice of appellants' complaint.  The Trial Court held that the reasoning behind its

---

*    The Honorable Leland C. Nielsen, Senior District Judge, Southern District of California, sitting by designation.

142

order of dismissal--- lack of subject matter jurisdiction--- in two prior consolidated Civil Actions, No. 85-34 and 85-35, was equally pertinent to the instant action. We AFFIRM.

## FACTS

On September 28, 1984, the Commonwealth Land Commission issued two Determinations of Ownership for land on Saipan, CNMI. The first, for Lot E.A. 825, found title in the heirs of Maria S.D. Reyes, except for the interest of Maria A. Aldan, whose interest the Commission determined had been sold by her to Augusta B. Matsumoto. Lot E.A. 826 was likewise found to belong to the heirs of Maria S.D. Reyes, except for the interest of Maximo Reyes Akiyama, which had been transferred by him to Jose Matsumoto.

One hundred seventeen days after issuance of these Determinations, each Matsumoto filed a "Notice of Appeal" of the Land Commission decisions, Augusta for Lot E.A. 825 and Jose for Lot E.A. 826. Each "notice" was filed in the Trial Court, as Civil Actions No. 85-34 and 85-35, respectively. The heirs of Maria S.D. Reyes were denominated "appellees."

Nine months later the Matsumotos filed a "First Amended Complaint and Summons" in their respective civil actions. Maximo Akiyama, Victoria Vaughan, and Maria Aldan were listed as defendants and sole heirs of Maria S.D. Reyes. Defendant Vaughan moved to dismiss the complaints in each case on the ground that neither had been filed in compliance with 2 C.M.C. §4249. This

**143**

statute governs review of Land Commission determinations and requires that a challenge to the Land Commission's determination be made within 120 days by filing a complaint in the Commonwealth Trial Court. This motion was granted in both cases by order dated January 23, 1986. No appeals were taken.

However, on January 16, 1983, one week prior to the order of dismissal in Civil Actions No. 85-34 and 85-35, appellants filed a new lawsuit, with a cause of action for each lot. This new complaint was the same as the old, except that it also asked that the Land Commission's determinations be set aside because appellants' due process rights had been violated by the Commission. This complaint based jurisdiction on 1 C.M.C. §3102, the general jurisdiction statute for the Commonwealth Trial Court. Reyes, Vaughan, and Aldan, but not the Land Commission, were named defendants.

Appellee Vaughan moved to dismiss the new complaint, citing the res judicata effect of the Trial Court's previous order of dismissal for lack of subject matter jurisdiction in Civil Actions No. 85-34 and 85-35. The Trial Court accepted this argument, found that it had no jurisdiction, and dismissed with prejudice on October 20, 1986. Appellants filed their notice of appeal November 18, 1986.

## ISSUE

WAS THE TRIAL COURT'S JANUARY 23, 1986,
ORDER OF DISMISSAL BASED ON LACK OF SUBJECT
MATTER JURISDICTION CORRECT?

## STANDARD OF REVIEW

The decision to dismiss a complaint for lack of jurisdiction is reviewable de novo as a question of law. Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440, 1442 (9th Cir. 1986).

## ANALYSIS

Although cast in terms of a single issue, appellants' challenge to the Trial Court decision actually has two grounds. They first argue that the order of dismissal in Civil Actions No. 85-34 and 85-35 did not comply with the Civil Procedure Rule 58[1] requirement that judgments be set forth in a separate document. If there was no separate document, the dismissal order was not "final" and there could be no res judicata. Therefore, the trial judge's dismissal for lack of jurisdiction in the instant matter was incorrect. Appellees maintain that the dismissal order in the previous cases did satisfy Rule 58 but argue that even if it did not, technical compliance with the rule was waived by appellants' conduct.

---

[1] Rule 58 of the Commonwealth Trial Court Rules of Civil Procedure and Rule 58 of the Federal Rules of Civil Procedure are identical.

Appellants' second contention is that the dismissal in Civil Actions No. 85-34 and 85-35 was not an adjudication on the merits and that, if the jurisdictional defect cited by the Trial Court in those cases has been cured by the new complaint, the dismissal with prejudice herein was error.

A.   RULE 58

For their first claim appellants rely principally on the United States v. Indrelunas language that the Rule 58 "separate document" requirement must be "mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered."   411 U.S. 219, 221-222, 93 S.Ct. 1562, 1565 (1973). If, in addition to the order of dismissal, a separate judgment was required to have been entered in Civil Actions No. 85-34 and 85-35 to achieve "finality", there can be no res judicata to preclude appellants' lawsuit in Civil Action No. 86-13.

Appellees first respond with the pre-Indrelunas case of Hamilton v. Nakai, 453 F.2d 152 (9th Cir. 1972).   There, the Ninth Circuit cited the "pragmatic approach to the question of finality" endorsed by the Supreme Court in Brown Shoe Co. v. United States, 82 S.Ct. 1502, 1513 (1962), and held that Rule 58 was satisfied by an order explicitly denominated as such and understood by the parties to be final.   Hamilton v. Nakai, 453 F.2d at 155.   Here, the Trial Court's short one and one-half page dismissal order of January 23, 1986, in Civil Actions No. 85-34 and 85-35 is clearly labelled, to the point, and not reasonably

**146**

susceptible of any interpretation other than finality. At least one commentator has opined that even a judgment containing extraneous matter, if otherwise proper, should be given effect. Wright and Miller, Federal Practice and Procedure, §2652, at 18.

Appellees also answer Indrelunas with the more recent case of Bankers Trust Co. v. Mallis, 435 U.S. 384, 98 S.Ct. 1117 (1978). There, the Supreme Court acknowledged that parties by their conduct could waive the otherwise rigid "separate document" requirement of Rule 58. The Supreme Court noted that the primary purpose for the Rule was to avoid inequities by clarifying at which point a judgment had been "entered." Id., at 1120. Since the federal rules are to be construed to provide a "just, speedy, and inexpensive determination of every action," the Court concluded that the "separate judgment" requirement could be waived if 1) the trial court evidenced an intent that its opinion or order be its final decision and 2) there was no objection made to the taking of an appeal in the absence of a separate judgment. The second factor need not be considered here. To decide whether waiver has occurred, one must apply common sense principles to determine the intent of the trial court. Id., at 1121. Clearly, the January 23, 1986, order of dismissal of Civil Actions No. 85-34 and 85-35 must be considered the Court's final word, not only because of its language, but because it dismissed for want of subject matter jurisdiction. Since this is not a situation fostering inequity because a party could not tell which one of several documents constituted "entry of judgment", Beaudry Motor

**147**

Co. v. Abko Properties, Inc., 780 F.2d 751, 755 n.3 (9th Cir. 1986), the invocation of Rule 58 finds no support here.

It is useful to reiterate that the "separate document" requirement of Rule 58 was designed to clarify, for purposes of appeal or post-verdict motions, the point at which a judgment was deemed "entered." Advisory Committee Note of 1963 to Rule 58 of the Federal Rules of Civil Procedure; 6A Moore's Federal Practice §58.02.1, at 58-19. The Rule's requirement was not intended to be used, as is sought here, as a hyper-technical defense against the according of res judicata effect to a judgment or final order in a previous lawsuit. Appellants chose to file a new lawsuit rather than appeal the Trial Court's order of dismissal in Civil Actions No. 85-34 and 85-35; they do not claim they were prejudiced by the Court's order or that they failed to grasp its import. It is also worth noting that appellants in the instant appeal did not wait for a "separate document" before appealing the Trial Court's dismissal.

B.) Dismissal for Lack of Subjet Matter Jurisdiction.

Appellants next argue that Rule 41(b)[2/] provides that a dismissal for lack of jurisdiction is not an adjudication on the merits. Therefore, their second action on the same claim can be maintained because it is now based on 1 C.M.C. §3102, the general

---

[2/] Rule 41(b) of the Commonwealth Trial Court Rules of Civil Procedure and Rule 41(b) of the Federal Rules of Civil Procedure are identical.

**148**

jurisdiction statute for the Trial Court, and not, as previously, 2 C.M.C. §4249, the statute expressly governing appeals from Land Commission determinations. Although they acknowledge that they cannot relitigate the precise jurisdictional issue which led to dismissal, appellants believe they can circumvent this obstacle by basing their substantive claims (which remain the same) on a different jurisdictional statute.

Appellants ask the Court to ignore the explicit statute governing appeals from Land Commission determinations but offer no compelling or logical justification for doing so. The Trial Court in its October 20, 1986, order succinctly states the reason for prohibiting appellants from proceeding:

> 2 C.M.C. §4249 is crafted for the purpose of testing the viability of a Land Commission Determination of Ownership. The procedure is exclusive and final as to all those who had notice of Determination of Ownership. This is statutorily mandated by 2 C.M.C. §4215. The entire system of Land Registration Teams and the Land Commission in determining title would be circumvented if plaintiffs (and others like them) were able to file collateral suits days, months, or years after the procedural steps set forth in the Land Commission Act (2 C.M.C. §§4211 to 4252) had been completed. Any certificates of title issued pursuant to §4251 would not enjoy the sanctity and reliability they now have because of the provisions of the Act. It is no answer for the plaintiffs to say that the jurisdictional basis for their claim is switched from 2 C.M.C. §4249 to 1 C.M.C. §3102.

There is a final compelling reason for denying appellants their second attempt to evade the earlier decision. Res judicata bars claims which already have been brought and

**149**

adjudicated as well as those which could have been brought.  As stated in Restatement[3/] (Second) of Judgments, §24:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

Here, all claims arose out of the same transaction: The Land Commission hearings and subsequent determinations.

> What factual grouping, constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments, §24(2).

Clearly, appellants had an opportunity to seek relief pursuant to the correct statute and for whatever grievances they believed they had.  They failed to do so.

---

[3/]  Chapter 7 C.M.C. §3401 provides that the Restatements of the American Law Institute apply in the Commonwealth absent written or local customary law to the contrary.

150

For the reasons stated above, the decision of the Trial Court is AFFIRMED.

_____
Alfred Laureta
Judge

_____
Cristobal C. Duenas
Judge

_____
Leland C. Nielsen
Judge