**In re William J. LUSSOW and
Jane E. Lussow, Debtors.**

**In re ARLINGTON OIL
COMPANY, Debtor.**

**William J. LUSSOW, Plaintiff–Appellee,**

v.

**Peter A. SPINA, Defendant–Appellant.**

No. 93 C 3932.

United States District Court,
N.D. Illinois, E.D.

Nov. 1, 1993.

William T. Regas, William T. Regas, Attorney & Counsellor, Park Ridge, IL, Gerald Clay Risner, Chicago, IL, for Peter A. Spina.

Howard L. Adelman, Mark A. Carter, Michelle Greenberg, Kimberly J. Robinson, Adelman, Gettleman & Merens, Ltd., David N. Missner, Rudnick & Wolfe, Malcolm M. Gaynor, Schwartz, Cooper, Kolb & Gaynor, Chtd., Chicago, IL, for William J. Lussow.

*MEMORANDUM OPINION AND ORDER*

ASPEN, District Judge:

This matter comes before us on Peter Spina's appeal from the order of the United States Bankruptcy Court of the Northern District of Illinois denying his motion for entry of judgment and finding of facts. We reverse the decision of the bankruptcy court and remand for proceedings consistent with this opinion.

## I. Background

Appellee William J. Lussow filed a Chapter 11 bankruptcy (No. 81 B 6842) in June 1981. Soon thereafter, Arlington Oil Company, which is wholly owned by Lussow, also filed a Chapter 11 bankruptcy (No. 81 B 9116). Appellant Peter A. Spina was the defendant in two adversary suits (81 A 2297 and 85 A 0486) that involved both bankruptcies. Trial of the adversary suits in the bankruptcy court began on September 22, 1986, and took place on thirty-seven trial days over a period of almost two years.

The parties submitted proposed findings of fact and conclusions of law, and the case was set for decision on January 30, 1989. However, that date, and several subsequent dates, were stricken, and the parties were left in the dark for over three years. Finally, on February 18, 1992, the court held a status on its own motion. The court apologized profusely for the delay, and announced its decision on each of the issues in the trial, all of which went in defendant Spina's favor.

The court observed that it had yet to try the damages portion of the trial, and stated that it would make findings of fact and conclusions of law, as required by Fed.R.Bankr.P. 7052 and Fed.R.Civ.P. 52. However, the court never did so, nor did it enter the announced judgment on a separate document as required by Fed.R.Bankr.P. 9021 and Fed. R.Civ.P. 58.

On May 26, 1992, on the motion of the Trustee, the court purportedly dismissed both bankruptcies due to the debtor's failure to pay the quarterly fee with respect to 81 B 6842. In addition, as is the general approach in bankruptcy procedure, the court purportedly dismissed the adversary actions as well. However, Spina never received notice of that hearing date, as required by Fed.R.Civ.P. 5(a), and was therefore not present to object to the dismissal of the adversaries. More significantly, although the court entered an Order of Dismissal of 81 B 6842, it failed to enter any of the other dismissals on a separate document, again despite the requirements of Fed.R.Bankr.P. 9021 and Fed. R.Civ.P. 58.

In March, 1993, Spina filed a motion to compel Lussow to make an accounting. At that time, he learned that the court had purportedly dismissed both the bankruptcies and the adversaries. In response to Spina's motion, the court concluded that it could not act because it believed that it lacked jurisdiction:

> I am absolutely certain it was dismissed.... So, until it is reopened, I can't do anything about it anyway.... Well, it has been dismissed. Therefore, the motion is denied without prejudice to the motion after the motion to reopen in which you have to pay another filing fee and so forth.

In May, 1993, Spina filed a motion in the bankruptcy court for entry of judgment and findings of fact. He noted that the court had failed to enter orders of dismissal in 81 B 9116 and in both of the adversaries, and that the cases were therefore not closed. In addition, he argued that he had not received notice of the hearing on the dismissals, and was therefore unable to object to the pur-

ported dismissal of the adversary actions. Nonetheless, the court once again asserted that it lacked jurisdiction because it believed that the cases had been closed:

> First of all, you have got to reopen the case, which you haven't done.... You have to file a motion to reopen the case and pay a filing fee. That's what you are trying to get done. The case is closed. The case is gone.... In any case, you have done it the wrong way. You have to reopen the case and pay a filing fee.

Accordingly, the bankruptcy court denied Spina's motion. Spina now appeals that decision.

## II. Standard of Review

 When reviewing bankruptcy court decisions, this court acts as an appellate court. Fed.R.Bankr.P. 8013. Accordingly, this court will review the lower court's findings of fact for clear error and will review de novo the bankruptcy court's conclusions of law. *In re Supreme Plastics, Inc.*, 8 B.R. 730, 734 (N.D.Ill.1980). Additionally, this court will not disturb an exercise of the bankruptcy court's discretion unless it finds an abuse of that discretion.

## II. Discussion

 Fed.R.Bankr.P. 9021 provides, in relevant part:

> Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document. A judgment is effective when entered as provided in Rule 5003.

In addition, Rule 9021 states that Fed. R.Civ.P. 58 generally applies in all cases

1. In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), the Court acknowledged that the separate document rule could be waived through the mutual assent of the parties. Such a waiver was clearly not effected here, where Spina never received notice of the purported dismissal of the bankruptcies or the adversaries, and where he objected to the absence of a separate document when he first learned of the purported dismissals.

2. Indeed, the bankruptcy court essentially acknowledged as much. At the June 1, 1993 hearing on Spina's motion, the court stated:

> The case is dismissed as I understand it. That's my recollection. I would be surprised if there is no final judgment order. It's just a

under the Bankruptcy Code. Rule 58 similarly provides:

> Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth....

The text of these rule admits no exceptions, and has accordingly been read strictly by the courts. *See, e.g., United States v. Indrelunas*, 411 U.S. 216, 219–22, 93 S.Ct. 1562, 1563–65, 36 L.Ed.2d 202 (1973) (Rule 58 is to be "mechanically applied") [1]; *American Interinsurance Exchange v. Occidental Fire and Casualty Co. of North Carolina*, 835 F.2d 157, 159–60 (7th Cir.1987).

 The bankruptcy judge never set forth the dismissals of the adversary proceedings and one of the bankruptcy cases on a separate document as required by Fed. R.Bankr.P. 9021 and Fed.R.Civ.P. 58. As a result, the cases were never in fact effectively dismissed.[2] Accordingly, the bankruptcy court retains jurisdiction over the adversaries.[3] The court's refusal to entertain Spina's motion based upon its perceived lack of jurisdiction was therefore error. We remand these proceedings to the bankruptcy court for consideration of Spina's motion on the merits.[4]

## III. Conclusion

For the reasons set forth above, we reverse the decision of the bankruptcy court and remand for proceedings consistent with this opinion. It is so ordered.

routine form to dismiss the case, to close it. *It couldn't have been closed without it.* (Emphasis added).

3. Because 81 B 9116 remains open, we need not consider whether dismissal of a bankruptcy case mandates or automatically results in dismissal of the related adversaries.

4. Because it believed it lacked jurisdiction, the bankruptcy court did not formerly reach the merits of Spina's motion, though it did express its doubts as to their validity. Although the merits of the motion are therefore not before us, we note that, based upon our reading of the record, it appears that Spina's claim to the relief he requests is well-founded.