In re LITAS INTERNATIONAL, INC., Debtor.

Winoc Bogaerts, Appellant,

v.

E. Donald Shapiro, Chapter 11 Trustee of Litas International, Inc. and PNL Asset Management, L.P., Appellees.

Docket No. 02–5018.

United States Court of Appeals, Second Circuit.

Argued: Oct. 18, 2002.

Decided: Jan. 03, 2003.

Winoc Bogaerts, New York, NY, pro se, Appellant.

Paul Rubin, Herrick, Feinstein, LLP, New York, NY, for Appellee PNL Asset Management, L.P.

Before LEVAL, CALABRESI, and B.D. PARKER, JR., Circuit Judges.

CALABRESI, Circuit Judge.

Pro se appellant Winoc Bogaerts ("Bogaerts" or "Appellant") appeals from an order of the United States District Court for the Southern District of New York (Casey, *J.*) granting a motion by Appellee PNL Asset Management ("PNL" or "Appellee") to dismiss Bogaerts's appeal from an order of the United States Bankruptcy Court (Bohanon, *J.*), which had purported to dismiss conditionally Appellant's claims in the underlying adversary proceeding. The district court dismissed the initial appeal for lack of jurisdiction, on the ground that Appellant's notice of appeal was untimely. Because the bankruptcy court had failed to enter a final judgment in the underlying

matter, and thus the statutory time to appeal had never begun, we hold that the time to appeal cannot be said to have passed. We therefore vacate the dismissal and remand the case to the district court for further proceedings.

## I.

The relevant facts, taken from the district court's opinion, are as follows: Bogaerts and PNL were parties to an adversary proceeding in the United States Bankruptcy Court for the Southern District of New York. The purpose of the proceeding was to determine the priority of mortgages held by Bogaerts and PNL on certain real property located in Ulster County, New York. When Bogaerts failed to comply with various discovery requests, PNL filed a motion to compel discovery. Bogaerts did not respond and did not attend the motion hearing.

On July 12, 2000, the bankruptcy court granted PNL's motion to compel and entered an order (nearly identical to one proposed by PNL) requiring Bogaerts (1) to provide certain documents to PNL no later than July 31, (2) to appear for a deposition no later than August 21, (3) to pay to PNL a $2,500 discovery sanction no later than July 31, and (4) to furnish the court, no later than September 12, with an affidavit certifying that he had complied fully with the above-said order. The order asserted that, if Bogaerts failed to complete these actions, "any and all claims or cross-claims of any nature asserted by Winoc Bogaerts in this adversary proceeding shall be deemed dismissed with prejudice without further order of the Court." Copies of the order were sent to Bogaerts, but were returned by the Postal Service as "unclaimed."

Although Bogaerts did not comply with the court's order, the bankruptcy court apparently did not at that point consider his claims dismissed. Instead, on August 7, 2000, it signed and entered a supplemental order (which had again been proposed by PNL), setting new deadlines for Bogaerts's compliance. Analogously to the earlier order, Bogaerts was (1) to provide certain documents to PNL no later than August 18, (2) to appear for a deposition no later than August 28, (3) to pay to PNL a $2,500 discovery sanction no later than August 16 (and to confirm doing so through an affidavit filed with the district court by August 18), and (4) to furnish the court with an affidavit, no later than August 31, certifying that he had complied fully with this supplemental order. Like the first order, the supplemental order asserted that if Bogaerts failed to complete any one of the required actions, "any and all claims or cross-claims of any nature asserted by Winoc Bogaerts ... in this adversary proceeding shall be deemed dismissed with prejudice without further order of the Court." Moreover, the supplemental order specifically noted that "regardless whether Mr. Bogaerts has complied with all of the other provisions" of the order, his claims would be "deemed dismissed with prejudice without further order of the Court" if he failed to deliver the sanction payment to PNL by August 16, 2000.

Bogaerts again did not comply with the conditions set forth in the order. Instead, on September 5, 2000, he filed a notice of appeal with the district court. The notice purported to appeal from an order entered by the bankruptcy court "on or before August 24, 2000." Bogaerts asserts that he picked August 24 because, on that date, he was told that his case was dismissed with prejudice. He further states that the notice of appeal was "timely filed within ten days of my learning of a possible judgment, which the plaintiff's attorney classified as final judgment with prejudice."

PNL moved to dismiss the appeal for lack of jurisdiction, claiming, inter alia, that Bogaerts's notice of appeal was not timely.[1] PNL argued that, because the rules of bankruptcy procedure require that a notice of appeal "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from," Fed. R. Bankr.P. 8002(a), a timely notice of appeal from the August 7, 2000 Supplemental Order would have to have been filed no later than August 17.

In September 2001, the magistrate judge issued a report and a recommendation, concluding that the appeal was not timely and recommending that it be dismissed with prejudice for lack of jurisdiction. The magistrate agreed with PNL that "Appellant should ... have filed his notice of appeal by August 17," but conceded that "[t]here is an argument to be made that, in the case of a conditional order such as the one in this case, entry should be deemed to occur either on the date the conditions contained within the order are satisfied or the date when it is no longer possible to satisfy them." Nevertheless, the magistrate reasoned that, even under the latter interpretation, the appeal was not timely. As the district court noted, the magistrate "determined that Bogaerts should have appealed the August 7, 2000 Supplemental Order by August 17, 2000, or, at the very latest, by August 27, 2000—ten days after Bogaerts failed to comply with the deadline for delivering the required sanction payment to PNL's counsel."

In January 2002, the district court adopted the magistrate's recommendation, rejecting Bogaerts's claim that he was confused by the supplemental order. The district court noted that

the Supplemental Order explicitly stated that Bogaerts' claims would be deemed dismissed, regardless of his compliance with any of the other conditions, if he failed to deliver the required sanction payment on or before 5:00 p.m. on August 16, 2000.... It is undisputed that Bogaerts did not satisfy this directive. Thus, by the plain terms of the Supplemental Order, his claims were dismissed at that time and the appeals period commenced.

The district court then dismissed the appeal, and Bogaerts's timely appeal to this court followed.

## II.

To determine whether Bogaerts's appeal to the district court was timely, we must ascertain when the time for him to appeal began, and when, if at all, it ended. Three provisions of the Federal Rules of Bankruptcy Procedure inform our inquiry. First, the bankruptcy rules provide for appeal, as a matter of right, "from a judgment, order, or decree of a bankruptcy judge to a district court ... as permitted by 28 U.S.C. § 158(a)(1) or (a)(2)." Fed. R. Bankr.P. 8001(a). (The statute referenced in that rule, in relevant part, gives the district courts jurisdiction to hear appeals "from *final* judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1) (emphasis added).) Second, as noted earlier, the bankruptcy rules require that a notice of appeal "be filed with the clerk within 10 days of the date of the *entry* of the judgment, order, or decree appealed from." Fed. R. Bankr.P. 8002(a) (emphasis added). And third, the bankruptcy rules expressly incorporate Rule 58 of the Federal Rules of Civil Procedure, and require that "[e]very

---

**1.** PNL also argued that the appeal should be dismissed on the ground that Bogaerts "lacks standing as an aggrieved person to pursue this appeal," but that ground was not addressed in the district court's opinion and we express no view on it.

judgment entered in an adversary proceeding or contested matter *shall be set forth on a separate document.*" Fed. R. Bankr.P. 9021 (emphasis added).

Considering these rules together, we note (1) that Bogaerts could, as a matter of right, appeal to the district court from the bankruptcy judge's final order, so long as he filed a notice of appeal within the specified ten-day period, and (2) that the ten-day period would begin to run on the date that the bankruptcy court's final judgment—set forth in a separate document—was entered. In this case however, the bankruptcy court's supplemental order was not "final," but "conditional." It directed Bogaerts to take certain actions. And the ultimate effect of the order, by its own terms, depended on whether or not those actions were completed.

The supplemental order did, of course, purport to be self-executing: it asserted that, if Bogaerts did not comply with its requirements, it would *become* a final judgment without any further action by the court. Given the conditional nature of the order, two questions remain: first, whether such an order may be appealed from at all and, second, whether the time for appeal from such an order, if indeed it can be appealed from, may lapse as a result of its "self-execution" on a set date.

### A.

Appellee cites prior decisions of this court which have held that a conditional order can ripen into a final and appealable order, without entry of a separate judgment, once the time for complying with the conditions has passed. *See, e.g., Festa v. Local 3 Int'l Bhd. of Elec. Workers,* 905 F.2d 35 (2d Cir.1990) (per curiam); *Cleary Bros. v. Christie Scow Corp.,* 176 F.2d 370 (2d Cir.1949). Appellee also cites decisions of other circuits for the same proposition. *See, e.g., Otis v. City of Chicago,* 29

F.3d 1159 (7th Cir.1994); *Morris v. City of Hobart,* 39 F.3d 1105 (10th Cir.1994); *In re United States,* 844 F.2d 1528 (11th Cir. 1988). In each of those cases, however, the court was responding to (and rejecting) the appellee's assertion that, absent a separate judgment entered pursuant to Rule 58, the lower court's decision was *not yet final,* and thus that any appeal was *premature.* In each case, the court held that the party wishing to appeal need not wait for the lower court to enter a Rule 58 judgment, but could instead challenge the lower court's decision once the time established for meeting the requirements of the conditional order had passed.

■ These circuit court decisions accord with the Supreme Court's conclusion in *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), that a party wishing to appeal from a district court's decision may waive the separate-document requirement of Rule 58. In *Mallis,* both parties, in an appeal to this court, had "proceeded on the assumption that there was an adjudication of dismissal," *id.* at 382, and, although we were unable to "uncover any document that looks like a judgment," *id.,* we asserted appellate jurisdiction and reached the merits of the appeal. The Supreme Court held that our decision was correct:

> The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal under 28 U.S.C. § 2107 begins to run.... Certainty as to timeliness, however, is not advanced by holding that appellate jurisdiction does not exist absent a separate judgment. If, by error, a separate judgment is not filed before a party appeals, nothing but delay would flow from requiring the court of appeals to dismiss the appeal. Upon dismissal, the district court would simply file and enter the separate judg-

ment, from which a timely appeal would then be taken. Wheels would spin for no practical purpose.

*Id.* at 384–85.

 *Mallis*, then, as well as the cases from this circuit and others cited above, stand simply for the proposition (which no one in the instant case is challenging) that an Appellant need not wait for entry of a Rule 58 judgment, and that an appeal filed before entry of such a Rule 58 judgment should not be dismissed as premature solely on the basis that no such judgment has issued.

### B.

 In the instant case, however, the claim pressed by Appellee is not that the time for appeal has yet to begin; it is rather that the time has already passed. Thus, the question before us is whether the bankruptcy court's "self-executing" order can, without the subsequent entry of a Rule 58 final judgment, and by the passage of time alone, deprive a would-be appellant of its opportunity to seek review. As the Supreme Court made clear, in *Mallis* and in *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973), it cannot.

In *Indrelunas,* the government, nearly two years after a jury verdict against it had been entered in the docket and some nine months after entry of a stipulation as to the amount due the prevailing party, asked the district court to enter a formal judgment in the matter, and then immediately sought appeal from that judgment. *Id.* at 219, 93 S.Ct. 1562. The Court of Appeals for the Seventh Circuit dismissed the appeal as untimely, but the Supreme Court reversed, concluding that, because "there was nothing meeting the requirement of the 'separate document' provision of Rule 58" until the government asked the district court to enter a formal judgment,

the time for appeal could not have lapsed. *Id.* at 221, 93 S.Ct. 1562. While acknowledging that the separate-document provision of the rule "would be subject to criticism for its formalism were it not for the fact that something like this was needed," *id.* at 220, 93 S.Ct. 1562 (quoting 6A J. Moore, Federal Practice 58.04 (4.2), at 58 161 (1972)), the Court nevertheless ruled that the provision "must be mechanically applied in order to avoid new uncertainties as to the date on which a judgment is entered." *Id.* at 222, 93 S.Ct. 1562.

The uncertainties which the High Court sought to avoid by its holding are manifest in the instant case. First, the bankruptcy court had itself already failed to treat one "self-executing" order as final: Its July 12, 2000 order, like the supplemental order, purported to dismiss conditionally Bogaerts's claims with prejudice if certain steps were not taken by a time certain. Yet when Bogaerts neglected to take those steps, the court simply set new deadlines. Moreover, the district court noted that the magistrate judge, in trying to specify the date on which Bogaerts's right to review lapsed, equivocated and said that Bogaerts should have appealed the bankruptcy court's order by "August 17, 2000, or, at the very latest, by August 27, 2000."

It was just to prevent such uncertainties from depriving a party of its right of appeal, the Supreme Court states in *Mallis,* that Rule 58 was enacted:

The separate-document requirement was thus intended to avoid the inequities that were inherent when a party appealed from a document or docket entry that appeared to be a final judgment of the district court only to have the appellate court announce later that an earlier document or entry had been the judgment and dismiss the appeal as untimely. The 1963 amendment to Rule 58 made

clear that *a party need not file a notice of appeal until a separate judgment has been filed and entered. . . .*

. . .

"[I]t must be remembered that the rule is designed to simplify and make certain the matter of appealability. It is not designed as a trap for the inexperienced. . . . *The rule should be interpreted to prevent loss of the right of appeal, not to facilitate loss.*" 9 J. MOORE, FEDERAL PRACTICE ¶ 110.08[2], p. 119–20 (1970).

*Mallis*, 435 U.S. at 385, 386, 98 S.Ct. 1117 (emphasis added). *See also Otis*, 29 F.3d at 1167 ("[*Indrelunas* and *Mallis* ] collectively safeguard the opportunity to appeal. If the loser appeals at once, the case proceeds without a pointless remand; if she waits until the formal judgment, she is secure against forfeiture.").

In the case before us, whatever uncertainty was created by the bankruptcy court's conditional order could easily have been eliminated. Thus, when docketing the supplemental order, the clerk of the court could have entered a "tickler" marking as crucial the date on which the conditions were to have been fulfilled. And if Appellant did not comply with the conditions on that date, the clerk could then have entered a judgment pursuant to Rule 58 without any further direction from the court. In addition, PNL, for whom finality of the decision was perhaps of greatest importance, could easily have asked the court on August 17, 2000, to enter a final (Rule 58) judgment. *See Otis*, 29 F.3d at 1167 ("Victorious litigants wishing to write *finis* to the case would ·do well to ensure that the district court adheres to Rule 58.").

### III.

 We note that none of the previous cases address the *precise* circum-

stances of the case before us. On the one hand, it is beyond question that, notwithstanding the bankruptcy court's failure to enter a separate Rule 58 judgment, a) if time remained for Appellant to meet the conditions set forth in the bankruptcy court's August 7, 2000, order, but Appellant waived that time and appealed, or b) if Appellant filed a notice of appeal within ten days of the passing of the deadline for meeting the conditions, such notices would have been timely and the appeal would properly have been before the district court. *See Festa*, 905 F.2d at 37; *Cleary Bros.*, 176 F.2d at 372. On the other hand, Appellant was equally free to wait for the bankruptcy court to enter a final (Rule 58) judgment, no matter how long it takes for the bankruptcy court to enter that document. And any notice of appeal filed within ten days of that entry would be timely. *See Indrelunas*, 411 U.S. at 220–222, 93 S.Ct. 1562; *Cooper v. Town of East Hampton*, 83 F.3d 31, 34 (2d Cir.1996) ("A party safely may defer the appeal until Judgment Day if that is how long it takes to enter the document" (quoting *In re Kilgus*, 811 F.2d 1112, 1117 (7th Cir. 1987))). This case falls between those two categories; it might seem to be too late, under the logic of *Festa* and *Cleary*, for Appellant's notice of appeal to be effective. But there is, as yet, no Rule 58 judgment from which to appeal, and hence there is no outstanding deadline which, if not met, would bar Appellant's right to review. Nonetheless, keeping in mind the Supreme Court's admonition that we should avoid spinning wheels to no practical purpose, *see Mallis*, 435 U.S. at 384–85, 98 S.Ct. 1117, we conclude that the district court can simply assert jurisdiction on the basis of Bogaerts's present notice of appeal, and proceed to consider the merits of that appeal. As a matter of administrative orderliness, however, the district court may pre-

fer first to order the bankruptcy court to enter a final judgment in the underlying proceeding, from which Bogaerts may then, if he chooses, appeal to the district court by filing a notice of appeal within the appropriate time limit. We leave the choice between these two approaches to the sound discretion of the district court.

### IV.

Because the bankruptcy court did not enter a final judgment pursuant to Rule 58, Appellant's time to appeal could not have lapsed, and the district court erred in dismissing the appeal on the ground that the notice of appeal was untimely. We therefore VACATE that dismissal and REMAND for further proceedings consistent with this opinion.