BANDAG, INC., Appellant,

v.

AL BOLSER TIRE STORES, INC., Appellee.

Appeal No. 83–1286.

United States Court of Appeals, Federal Circuit.

Oct. 11, 1983.

Before MARKEY, Chief Judge, FRIEDMAN and RICH, Circuit Judges.

## ORDER

MARKEY, Chief Judge.

Bolser has moved for dismissal of the appeal as having been untimely filed.

Bandag filed its notice of appeal on August 5, 1983, and relies on July 6, 1983, the date when a Judgment marked "FINAL" was entered. Bolser says March 15, 1983, the date when a Memorandum Decision dealing with the count for patent infringement and the count for trademark infringement was issued, should be the date from which the time for filing a notice of appeal begins to run.

■ The present appeal, as all appeals must be, is from a judgment, not from an order or from a Memorandum Decision. Precise identification of the date on which a final judgment was entered is necessary because the time for filing notice of appeal under Rule 4(a) begins to run only upon "entry" of the "final judgment" appealed from. Absent entry of a final judgment, a party will not ordinarily be found to have exceeded the time period set forth in the rule, regardless of when the notice of appeal was filed. *See Caperton v. Beatrice Pocahontas Coal Co.,* 585 F.2d 683 (4th Cir. 1978); *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973).

■ The memorandum decision dated March 15, 1983 does not constitute a judgment, final or otherwise, from which an appeal should have been taken within thirty (30) days. The memorandum does not qualify as a separate document for the purpose of evaluating the timeliness of an appeal. *See Caperton v. Beatrice Pocahontas Coal Co., supra,* at 689.

The same can be said of the district court's subsequent order dated July 1, 1983. That order said the award there made and the award made in a May 13 order would constitute a final judgment, and that the May 13 order was not a final judgment:

> Accordingly, plaintiff is awarded judgment in the sum of $13,604.25 as and for its attorney's fees in this case. This award and the sum of $36,212.38 awarded as damages by this Court in its order of May 13, 1983 will constitute the final judgment in this cause. The order of May 13, 1983 was not, and was not intended to be, the final judgment in this cause."

The order of July 1, 1983 did not comply with Rule 58 because it was not a separate final judgment document. On May 13, 1983, the court had issued with the order of the same date a document captioned "Judgment" and awarding plaintiff $36,212.38. Though the court indicated that its "order" of May 13 was not the final judgment, it would appear to have encompassed the judgment of May 13, as well. The court that enters a judgment is best qualified to state whether it intended that judgment as final.

Because the awards mentioned in the Final Judgment of July 6, 1983, relate only to the trademark count, and because those awards are all that appear in that separate document, Bolser says it relates only to the trademark count.

Recognizing, perhaps, that the total absence of a final judgment on the patent infringement count would defeat its motion, Bolser relies on the untenable position, as above indicated, that the Memorandum Decision of March 15, 1983 was a final judgment from the date of which a notice of appeal must have been filed within 30 days. As indicated, an appeal does not lie from a Memorandum Decision, and, if such an appeal had been filed, it would have properly been dismissed or stayed until the District Court had entered a final judgment on the patent infringement count.

If there were no properly entered final judgment relating to patent infringement in this case, that fact would dispose of Bolser's charge that Bandag's appeal was untimely. In that event, there would be nothing to appeal under any time con-

straints. That fact would, at the same time, raise the further question of whether we may consider the merits of the present appeal without requiring that Bandag return to the District Court to obtain the entry of such a final judgment. *See W.G. Cosby Transfer & Storage Corp. v. Froehlke,* 480 F.2d 498, 501, n. 4 (4th Cir. 1973); *Caperton v. Beatrice Pocahontas Coal Co., supra,* at 690; *Bankers Trust Co. v. Mallis,* 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

In *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.,* 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952), the Court dealt with timeliness of a petition for certiorari, saying, at 212, 73 S.Ct. at 249, the test was whether a second judgment "disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." In the present case, there was no "prior judgment" settling with finality the legal rights and obligations related to the patent infringement count. As Bolser insists, every judgment entered here referred to an award representing its damages on the trademark count.

No reason appears, however, to warrant a limitation of the FINAL JUDGMENT entered July 6, 1983 to one of the two counts involved in the case. It is true that the reference there to amounts awarded is clearly related to the trademark count on which Bandag prevailed. There was, however, no reason to refer to any award in relation to the patent infringement count, for there was none, Bolser having prevailed on that count.

The FINAL JUDGMENT of July 6, 1983 was the only separate document so marked and entered. Though it did not state that the patent infringement count was dismissed, as well it might, it was the last document entered in the case and disposed of the litigation. The case was tried and continued up to that point through various memoranda, orders, and judgments not marked final. The district court, having marked its July 6, 1983 judgment "FINAL," must be seen as having intended that that judgment should encompass and dispose of all the issues presented to it, including effectively a dismissal of the patent infringement count. No reason now appears for forcing Bandag to obtain from the district court, as a formality, another separate document also marked as a final judgment and specifically dismissing the patent infringement count. The FINAL JUDGMENT of July 6, 1983 is therefore read as encompassing a judgment for Bolser on the patent infringement count and, Bandag's notice of appeal from that judgment having been filed within 30 days of that date, the appeal will be heard and determined on the merits.

Having considered the submissions of the parties, IT IS ORDERED THAT:

Bolser's Motion to Dismiss this appeal as untimely be denied.