985 F.2d 582
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
LAICH INDUSTRIES CORPORATION and Sports Products,
Plaintiffs-Appellants,
v.
BASKIN-ROBBINS USA CO., Defendant/Cross-Appellant.
 Nos. 92-1177, 92-1178.
 United States Court of Appeals, Federal Circuit.
 Nov. 3, 1992.
 
 Before PAULINE NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 On November 27, 1991, the U.S. District Court for the Northern District of Ohio issued an order on cross-motions for summary judgment, Case No. 1:90 CV 1786, granting Baskin-Robbins' motion for summary judgment on the issue of design patent infringement and unfair competition, granting Laich's motion for summary judgment on the issue of patent validity, and denying Laich's motion for summary judgment on its claim for false designation of origin. On December 12, 1991, Baskin-Robbins filed a motion under Rule 59 of the Federal Rules of Civil Procedure requesting alteration and amendment of the court's November 27, 1991 order. On December 16, 1991, Laich filed a request for reconsideration under Rules 59 and 60(b).
 
 
 2
 On December 19, 1991, the district court entered a stipulation dismissing Laich's remaining false designation of origin claim. While the parties' "post-judgment" motions were still pending, Laich and Baskin-Robbins filed notices of appeal on January 17, 1992 and January 31, 1992, respectively. On March 3, 1992, the court denied Baskin-Robbins' Rule 59 motion and declared that the "case is terminated in its entirety." No judgment "set forth on a separate document" was ever entered by the court pursuant to Fed.R.Civ.P. 58 and neither party filed new notices of appeal.
 
 
 3
 Baskin-Robbins claims that this court lacks jurisdiction because Laich failed to file a timely notice of appeal. Under Fed.R.App. 4(a)(4), Laich's notice of appeal of January 17, 1992 "shall have no effect" because it was filed before the disposition of the parties' Rule 59 motions. Thus, Baskin-Robbins argues that Laich's failure to file a new notice of appeal after the March 3, 1992 order places the parties in the same position as if no notices of appeal had ever been filed. See Tylo Saura, S.A. v. Amerec Corp., 826 F.2d 7 (Fed.Cir.1987).
 
 
 4
 Laich, in its supplemental brief*, claims that appellate jurisdiction is proper. Laich contends that the order of December 19, 1991 constituted a final judgment from which its appeal lies, and as such, it not only disposed of the remaining claim but also disposed of the parties' then-pending Rule 59 motions. We disagree. The stipulated dismissal of December 19, 1991 only disposed of Laich's remaining false designation of origin claim and did not address the parties' then-pending Rule 59 motions on which the court requested further briefing. It is true that the docket entry indicates that the stipulated dismissal "terminat[ed the] case," but Laich should have known from the December 19, 1991 order that the post-judgment motions were still pending. A timely motion under Fed.R.Civ.P. 59 tolls the time for taking an appeal. See 6A James W. Moore, et al., Moore's Federal Practice p 59.02 (1992).
 
 
 5
 Further, Laich's contention that the December 19, 1991 stipulation disposed of the Rule 59 motions is untenable because it renders the district court's order of March 3, 1992 superfluous. That order, unlike the stipulated dismissal, explicitly denied Baskin-Robbins' Rule 59 motion. Although the March 3, 1992 order did not expressly dispose of Laich's Rule 59 motion, the district court effectively denied it by making clear its determination that the case was "terminated in its entirety." Thus, we agree with Baskin-Robbins that it was the district court's order of March 3, 1992 that constituted a final adjudication of all the remaining issues and was the final order from which an appeal could have been taken.
 
 
 6
 However, we conclude that we lack jurisdiction over the appeals because the district court failed to enter a separate judgment pursuant to Fed.R.Civ.P. 58. "A judgment is not appealable within the meaning of Federal Rule of Appellate Procedure 4(a)[ ] unless it is entered in compliance with Rules 58 and 79(a) of the Federal Rules of Civil Procedure." Marsh-McBirney, Inc. v. Montedoro-Whitney Corp., 882 F.2d 498, 502 (Fed.Cir.1989).
 
 
 7
 The purpose of Rule 58 is to eliminate uncertainties as to whether or when a judgment is effective for purposes of filing post-judgment motions and appeals. See Fed.R.Civ.P. 58 advisory committee's note to 1963 amendment. "Precise identification of the date on which a final judgment was entered is necessary because the time for filing a notice of appeal under Fed.R.App. 4(a) begins to run only upon 'entry' of the 'final judgment' appealed from." Bandag, Inc. v. Al Bolser Tire Stores, Inc., 719 F.2d 392, 393 (Fed.Cir.1983). See also Reid v. White Motor Corp., 886 F.2d 1462, 1466 (6th Cir.1989) ("The thirty day time period in which to commence an appeal does not accrue until the district court has filed an entry of judgment set forth on a separate document in the civil docket."). Because there has been no final judgment entered pursuant to Fed.R.Civ.P. 58, this case is not yet ripe for appeal.
 
 
 8
 In addition, the circumstances of this case do not permit us to hear this appeal on the basis of an argument that the requirements of Rule 58 have been waived by the parties. Because no notice of appeal effectively has been filed by either party, the failure of the district court to enter its judgment pursuant to Rule 58 has jurisdictional implications; thus, the absence of a separate judgment is not a mere formality. Since waiver of Rule 58 would result in the loss of the parties' rights of appeal, we decline to deem the requirements of the rule waived.
 
 
 9
 We do not lightly dismiss a case and remand for the taking of a formal action that likely will return the case to us in essentially the same form. However, the confusion engendered in this case by the absence of the entry of a separate judgment illustrates why the Supreme Court held the requirements of Rule 58 "must be mechanically applied." United States v. Indrelunas, 411 U.S. 216, 222 (1972).
 
 Accordingly, IT IS ORDERED THAT:
 
 10
 Appeals 92-1177 and 92-1178 are dismissed without prejudice and the case is remanded to the district court with instructions to enter judgment in accordance with Fed.R.Civ.P. 58.
 
 
 
 *
 We have accepted and considered the parties' supplemental briefs in resolving the jurisdictional issue