### Richard D. MERCER and Edward R. Lipski, Plaintiffs,

### v.

### ALLEGHENY LUDLUM CORPORATION and Richard P. Simmons, Defendants.

### Civ. A. No. 88–1643.

United States District Court,
W.D. Pennsylvania.

Aug. 7, 1990.

Bradley S. Tupi, James H. McConomy, Paul H. Titus, Pittsburgh, Pa., for plaintiffs.

David L. McClenahan, Michael J. Lynch, Pittsburgh, Pa., Peter E. Fleming, Jr., New York City, for defendants.

### MEMORANDUM OPINION AND ORDER OF COURT

LEE, District Judge.

This action arises out of plaintiffs' sale of their stock in defendant Allegheny Ludlum Corporation. On July 25, 1988, plaintiffs invoked the jurisdiction of this Court by alleging a violation of the federal securities law. At or about the same time, an identical action, but for the federal claim for securities violations, was filed in the Court of Common Pleas in Allegheny County.

At Count I of the instant case, plaintiffs contend defendants violated Section 10(b) of the *Securities Exchange Act of 1934*, as amended, 15 U.S.C.A. § 78j(b). Counts II, III and IV of the Complaint allege pendant claims under state law.

On June 29, 1990, the Court ordered the Clerk of Court to mark "closed" the above-captioned case. This administrative closing was precipitated by plaintiffs' counsel's communication to the deputy clerk that the case was going to be removed to the state court.[1] The Court was informed the only

---

1. It is the practice of this Court to administratively close those cases where representations are made that settlement is imminent or some other disposition of the case is contemplated by the parties other than adjudication. The administrative closing Order reads, in part, "[N]othing contained in this Order shall be considered a dismissal or disposition of this matter, and

remaining motion which required its attention would be a joint stipulation for removal.

This action, which has been pending for approximately two years, has been the subject of extensive discovery. And now, in opposition to plaintiffs' Motion for Voluntary Dismissal Without Prejudice, defendants argue plaintiffs have used this Court not for the purpose of litigating a legitimate federal claim, but for taking advantage of its liberal discovery rules.

While this Court abhors any abuse of its rules or procedures, we find that both parties have availed themselves of the liberal discovery permitted by the Federal Rules of Civil Procedure. In open Court, plaintiff, Lipski's, counsel represented that an agreement, drafted by opposing counsel, existed among the parties whereby discovery would proceed in Federal Court. Counsel further stated at the conclusion of discovery, the parties' agreement contemplated the federal action would be dismissed so that the parties could proceed in the State Court. Defendants' counsel has not denied this representation.[2]

An appropriate Order will be issued.

ORDER OF COURT

AND NOW, to-wit, this 6th day of August, 1990, it is hereby

ORDERED that plaintiffs' Motion for Voluntary Dismissal Without Prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure shall be granted subject to the condition that all discovery materials and discovery assembled in the instant action shall be freely used in the state proceeding.

---

should further proceedings in it become necessary or desirable, either party may initiate it in the same manner as if this Order had not been entered."

**2.** Plaintiff, Lipski's, counsel indicated to the Court that this agreement had been memorialized in the form of a letter from defendant's counsel to the attorney for Lipski. Prior to the status conference held in this matter on August 2, 1990, the court had no knowledge of counsel's agreement.