**Richard D. MERCER and Edward R. Lipski, Plaintiffs,**

v.

**ALLEGHENY LUDLUM CORPORATION, and Richard P. Simmons, Defendants.**

Civ. A. No. 88–1643.

United States District Court, W.D. Pennsylvania.

Nov. 21, 1990.

Bradley S. Tupi, James H. McConomy, Paul H. Titus, Pittsburgh, Pa., for plaintiffs.

David L. McClenahan, Michael J. Lynch, Pittsburgh, Pa., Peter E. Fleming, Jr., New York City, for defendants.

## MEMORANDUM ORDER

LEE, District Judge.

Pending before the Court are crossmotions of the parties to supplement the record on appeal.

On August 7, 1990, this Court granted the plaintiffs' motion to dismiss this action without prejudice 132 F.R.D. 38 and thereafter, the defendants appealed the Court's Order to the Third Circuit.

At argument on the motion to dismiss, the defendants opposed a dismissal without prejudice because they do not want to have to litigate the same case twice, once in the Court of Common Pleas of Allegheny County where a similar action is pending

and again in a renewed federal action.[1]

The plaintiffs argued that the dismissal of the federal claim was within the contemplation of the parties and memorialized in two letters which, while not part of the record, were read by plaintiffs' counsel at the oral argument. Those letters are: (i) letter from counsel for the defendants to counsel for the plaintiffs dated January 5, 1989, and (ii) a letter from counsel for the plaintiff, Lipski, to counsel for the defendants dated October 6, 1989.

The defendants have no objection to these two letters being made a part of the record for appeal, but have also filed a cross motion to supplement the record on appeal by including eight letters and one telecopy, between counsel for the parties, some with attached proposed drafts of a stipulation which were never mutually approved by the parties.

In granting the dismissal without prejudice, this Court found that the two letters read by plaintiffs' counsel at argument memorialized an agreement of counsel whereby the parties agreed that discovery in the federal action could be used in the state action, and contemplated that the federal action would no doubt be dismissed.

The plaintiffs oppose the cross motion of the defendants because the documents sought to be made part of the record by the defendants only pertain to ongoing negotiations of the parties with regard to a possible stipulation of dismissal which was never finally agreed upon or acted upon by the parties.

Pursuant to Fed.R.A.P. 10(e), the parties have properly applied to the district court for leave to supplement the record. *In Re: Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts Capital Cities/ABC, Inc.*, Appellant, 913 F.2d 89 (3d Cir.1990).

By letter of November 1, 1990, counsel for the defendants advised this Court that the documents which both parties seek to make part of the record on appeal were appended to the plaintiffs' motion for summary action filed with the Third Circuit and to the defendants' response to same. Further, the defendants opined therein:

> "The Third Circuit evidently reviewed all of those materials in ruling on plaintiffs' motion for summary action, which, we just learned, has been denied."

The Court will grant the crossmotions of the parties.

While the documents the defendants seek to make part of the record were not read verbatim at argument, nevertheless, they were alluded to and were considered by the Court before the plaintiffs' motion to dismiss without prejudice was granted.

In connection with the defendants' assertion that they would be prejudiced by a dismissal without prejudice because they may be subjected to a renewed federal action, the Court, at argument on the plaintiffs' motion for dismissal, raised, without deciding the issue of whether the state court has concurrent jurisdiction of the plaintiffs' federal claim pursuant to Section 10(b) of the Exchange Act and Rule 10b–5 promulgated thereunder. *Cf. Yellow Freight System, Inc., v. Donnelly*, —— U.S. ——, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990); *Howlett, By and Through Howlett v. Rose*, —— U.S. ——, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990).

If the state court does have concurrent jurisdiction, then the disposition of the state action would probably have a claim or issue preclusive effect on a renewed federal action. *Bradley, et al v. Pittsburgh Board of Education, et al*, 913 F.2d 1064 (3d Cir.1990).

In that event, the harm perceived by the plaintiffs were a renewed federal action filed would be unfounded.

An appropriate Order will be entered.

### ORDER OF COURT

AND NOW, this 21st day of November, 1990, after consideration of the parties' Motions to Supplement record on appeal, it is ordered that the Motions are granted. The Exhibits to be made part of the record are

---

1. The parties agree that the state court action, except for the claim under Section 10(b) of the *Exchange Act* and Rule 10b–5 promulgated thereunder, is identical to the federal action.

Exhibits 1 and 2 to the plaintiffs' Motion, and Exhibits A to I appended to the defendants' Motion.

The Clerk is hereby directed to certify these Exhibits to the United States Court of Appeals for the Third Circuit for the record on appeal.