ALITO, Circuit Judge,
dissenting.
In my view, the District Court was correct in denying Penn West’s Motion to List the Case for Trial and For Other Relief. The majority’s holding — that this case has remained on the District Court’s docket in a state of suspended animation for nearly five years — is unsound and may cause problems in other cases. I therefore respectfully dissent.
I.
The relevant facts are simple. After receiving notice that a settlement had been reached, the District Court waited a few days and then, on August 19, 1999, signed the order that is at issue here. The order noted that the Court had been informed by the parties “of the full and final settlement” of the case and that “there [were] no further matters pending before the Court.” The Order then provided that “the Clerk of the Court mark the above captioned matter closed.”
*131 Unfortunately, the order did not state expressly that the case was dismissed, but it is clear that the Court and the parties viewed the order as one that ended the litigation in the District Court. Indeed, the majority notes that “the parties and the District Court appear to have operated under the assumption that the litigation was terminated.” Maj. Op. at 121-22.
The District Court’s understanding was confirmed a few months later when the settlement fell apart and the bankruptcy trustee for Penn West filed a motion asking the District Court to enforce the settlement. The District Court responded that the ease was “settled and closed,” that it was going to stay closed, and that the Trustee would have to file an independent action if it wished to claim that the settlement had been breached. Neither before nor after this ruling did any party complain that the Court was failing to open a case that had not been dismissed but had merely been administratively closed.
Several years later, after Penn West emerged from bankruptcy and after the Bankruptcy Court had declared that no valid settlement agreement existed, Penn West filed in the District Court a Motion to List the Case for Trial and For Other Relief. The motion did not specify the legal authority on which it was based, but the District Court, consistent with its view that the case had been dismissed long ago, assumed that Penn West was moving for relief from a final judgment or order under Federal Rule of Civil Procedure 60(b). Concluding that the motion did not meet the standard for relief under that rule, the Court denied the motion, and Penn West took the present appeal.
On appeal, Penn West has not argued that the District Court erred in treating its motion as a Rule 60(b) motion for relief from a final judgment or order. Rather, Penn West’s sole argument is that it is entitled to relief under Rule 60(b)(4) because the order at issue is void because it was based on the mistaken belief that the case had been settled.
At oral argument, counsel for Penn West insisted, even under questioning that invited him to change his position, that the August 19 order was a final order and that the issue before our Court is whether his client should have been granted relief from that order under Rule 60(b). The following exchange occurred:
The Court: The effect of the order of Judge Bloch saying the case was closed. Isn’t that tantamount to a dismissal of the complaint?

Counsel: It certainly is your honor. That’s the reality of life, that’s what it is....

Audio tape: Transcript of Oral Arguments in Penn West v. Littman, (Sep. 15, 2003) at 093 (emphasis added).
Under further questioning, counsel for Penn West held to this position:
The Court: ... [WJhat’s the legal significance of the August 19, 1999 order of Judge Bloch ordering that the case be closed?
Counseklt closes the case.
The CourtWhat’s the legal significance of that?
Counsel: The case is over. The case is over. What the case does. What the order does ...
The Courtulre you sure you want to say ... Is the case over or is it just an administrative closing?
Id. at 111. Even after this suggestion that counsel might not “want to say” that the August 19 order signified that “[t]he case [was] over,” counsel for Penn West continued to maintain the position that the August 19 order was a final order from which relief should have been granted under *132 Rule 60(b). See Audio tape: Transcript of Oral Arguments in Penn West v. Littman, (Sep. 15, 2003) at 163 (“I am appealing [the District Court’s] application of 60(b)(2) because I suggest that my motion makes it pretty clear that there is a denial of due process.”). Id. at 163 (emphasis added).
II.
In my view, the District Court’s order of August 19, 1999, was exactly what the Court and the parties understood it to be: an order dismissing the case. The fact that the order did not use the correct terminology is unfortunate but not disposi-tive. If the dismissal was without prejudice, see Fed. R. Civ. Proc. 41(a)(2), the order nevertheless removed the case from the District Court’s docket, and Penn West could not restore the case to the docket simply by moving for such relief. Rather, Penn West would have to refile its complaint, assuming that its claims, which date from the late 1980s and early 1990s, were not time-barred.
Alternatively, if the dismissal eventually ripened into a dismissal with prejudice when Penn West stood pat, cf. Berke v. Bloch, 242 F.3d 131 (3d Cir.2001)(eondi-tional dismissal became dismissal with prejudice when parties engaged in conduct “akin to standing on their complaint”), the order was final; Penn West’s motion was properly categorized by the District Court as an order for relief under Fed. R. Civ. Proc. 60(b); and because Penn West cannot qualify for such relief, the order denying its Motion to List the Case for Trial and For Other Relief should be affirmed.
The majority, however, concludes, contrary to the understanding of the District Court and the parties, that the case was never dismissed but merely placed on hold — apparently indefinitely — and that therefore Penn West is entitled to revive the case, unless it is equitably barred from doing so. The majority cites nothing in the Federal Rules or in case law that supports this result, and I see no justification for the majority’s approach. When a dispute arises as to whether an ambiguously worded order is in effect a dismissal, we should take a practical approach. If it appears that the order was intended to have the same effect as a dismissal and was understood by all concerned as having the same effect as a dismissal, the order should be treated as such.
An example of this approach is provided by Delgrosso v. Spang and Co., 903 F.2d 234 (3d Cir.1990). The order in that case stated:
IT IS HEREBY ORDERED that the Clerk of Court mark the above caption case closed. Nothing in this order shall be considered a dismissal or disposition of this matter and, should further proceedings in it become necessary or desirable, either party may initiate it in the same manner as if this order had not been entered.
Id. at 236. We did not hold that this order was interlocutory simply because it did not state that the case was dismissed. Rather, we analyzed the practical effect of the order and observed:
[ T]he order in this case permits reinstatement and contemplates the possibility of future proceedings. The order does not purport to end litigation on the merits and the parties agree that it does not determine any issues or resolve the entire case. We recognize that the conduct of the district court raises the question whether the order effectively, if not expressly, brings the case to a close. On balance, however, we believe that the order is not final.
Id. Other courts of appeals have taken a similar tack. See, e.g., American Heritage Life Ins. Co. v. Orr, 294 F.3d 702, 707-08 (5th Cir.2002), cert. denied, 537 U.S. 1106, *133 123 S.Ct. 871, 154 L.Ed.2d 775 (2003); Corion Corp. v. Chen, 964 F.2d 55, 56 (1st Cir.1992).
The order involved here is nothing like the “administrative closing” orders that the majority discusses. As the majority notes, those orders typically state that the parties may restore the case to the docket if further action is required. See Maj. Op. at 126. See also Mercer v. Allegheny Ludlum Corp., 132 F.R.D. 38, 38-39 (W.D.Pa.1990), aff'd, 931 F.2d 50 (3d Cir.1991) (describing order generally entered in the Western District of Pennsylvania to accomplish a mere “administrative closing”). The August 19, 1999, order in this case contained no similar language and, as noted, it recited that there were “no further matters pending before the Court.”
The majority argues that the August 19 order was not a final order, but this argument does not support vacatur of the order denying the Motion to List the Case for Trial and For Other Relief. First, even if the August 19 order never ripened into a dismissal with prejudice and thus never became a final order, it would not follow that Penn West, years later, could restore the case to the District Court’s active docket simply by moving to do so. Penn West would have to file a complaint. It did not do so, and therefore the denial of its motion was correct.
Second, if the August 19 order eventually became a dismissal with prejudice, that order resolved all of the claims that Penn West asserted in its complaint and was thus final. Compare Maj. Op. 126 (stating that the this order was not final because it “did not resolve, or even purport to resolve, any of the claims that Penn West presented to the District Court”). Once Penn West’s claims were dismissed with prejudice and Penn West failed to appeal, further assertion of those claims was barred, and Penn West was relegated to asserting claims under the settlement agreement.
The majority contends that the August 19 order was not final because “there was more for the District Court to do.” Maj. Op. 125-26. The majority elaborates:
[ T]he parties had to continue their litigation in both the District Court and the Bankruptcy Court to determine: (1) whether they had indeed “settled” then-case in July 1999, and (2)(a) if so, the terms of that settlement and whether to approve it, or (b) if not, how to achieve a resolution of their ongoing dispute.
Maj. Op. 125-26.
This argument confuses the question whether an order resolves all the claims that are before a court with the separate and (for present purposes) irrelevant question whether an order resolves all the issues that may arise between the parties in the future. Suppose that the August 19, 1999, order had stated expressly that all the claims in the case were dismissed with prejudice. There would then be no basis for disputing the finality of the order, but disagreements might nevertheless arise between the parties regarding the meaning or, indeed, the validity of the settlement agreement. The parties might then wish to return to the District Court to litigate those disagreements, but the parities’ desire to resume litigation would not undermine the finality of the order of dismissal.
For these reasons, I believe that the majority’s analysis is incorrect, that the District Court dismissed this case long ago, and that Penn West’s motion to restore the case to the active docket was properly denied. The majority’s decision is unfair to Penn West’s adversaries, and I have some concern about the effect of this decision on other cases. The majority notes that there may be other “cases in *134 our Circuit in which the last order docketed is an administrative closing order” and that “[it] is indeed possible that, as a consequence of our holding that the administrative closing order in our case has no legal significance beyond removing the case from the District Court’s docket, litigants will return to the courts to re-open their administratively closed cases.” Maj. Op. 128-29. I see no justification for creating this danger.