

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2005

# WRS Inc v. Plaza Ent Inc

Precedential or Non-Precedential: Precedential

Docket No. 03-4094

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"WRS Inc v. Plaza Ent Inc" (2005). *2005 Decisions*. Paper 1286.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1286

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS FOR THE THIRD
CIRCUIT

No. 03-4094

WRS, INC.,
d/b/a
WRS Motion Picture Laboratories,
a corporation,
Appellant

v.

PLAZA ENTERTAINMENT, INC., a corporation;
ERIC PARKINSON, an individual;
CHARLES VON BERNUTH; JOHN HERKLOTZ, an
individual

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 00-cv-02041)
District Judge:  Honorable William L. Standish

Argued October 7, 2004

Before: SLOVITER, VAN ANTWERPEN, and COWEN,
Circuit Judges.

(Filed April 4, 2005)

Thomas E. Reilly     (Argued)
Pittsburgh, PA 15220

Attorney for Appellant

John W. Gibson
Pittsburgh, PA 15219

Attorney for Appellees,
Plaza Entertainment, Inc.
Eric Parkinson and Charles von Bernuth

John P. Sieminski
Richard A. O'Halloran        (Argued)
Burns, White & Hickton
Pittsburgh, PA 15222

Attorneys for Appellee,
John Herklotz

OPINION OF THE COURT

SLOVITER, Circuit Judge.

WRS, Inc. appeals from an order of the District Court entered September 15, 2003 denying its Motion to Reopen. The District Court held that the case had already been dismissed without prejudice and that WRS must file a new action against defendants to pursue the claims asserted in its original complaint. It appears that both parties and the District Court were proceeding on the assumption that the original case had been dismissed. That assumption, although not unreasonable, was erroneous. Therefore, we must dismiss the appeal from the order of the District Court denying the Motion to Reopen.

**I.**

WRS, through counsel Thomas E. Reilly, filed a complaint on October 13, 2000 in the United States District Court for the Western District of Pennsylvania against Plaza Entertainment, Inc. ("Plaza"), Eric Parkinson, Charles von Bernuth, and John Herklotz, invoking federal jurisdiction on the basis of diversity of citizenship. WRS alleged that Plaza had

2

failed to pay WRS for duplicating various film and video titles and that the individual defendants were liable on their guaranties of Plaza's obligations to WRS for the duplication services. The complaint sought money damages, declaratory relief, and "foreclosure of its security interest in the property of Plaza," including Plaza's right to exploit the titles at issue. Parkinson, von Bernuth, and Herklotz filed answers to the complaint; Plaza answered and filed a counterclaim.

Thereafter, on August 24, 2001, WRS filed a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania. It appears that no counsel was appointed for WRS in the bankruptcy proceeding and Reilly filed a motion to withdraw as WRS' counsel in this case on December 13, 2001, explaining that he did so because under 11 U.S.C. § 327(a), a Chapter 11 debtor must have court approval to hire professionals, including attorneys.

The District Court granted Reilly's motion to withdraw on February 14, 2002, and entered the following order:

> 1. Plaintiff WRS, Inc. d/b/a/ WRS Motion Picture Laboratories, is in bankruptcy and is not represented by counsel in the above-captioned action. It appears that no further action may be taken by the court at this time. The Clerk shall accordingly mark the above-captioned case as closed. <u>Nothing contained in this order shall be considered a dismissal or disposition of this action, and should further proceedings therein become necessary or desirable, any party may initiate the same in the same manner as if this order had not been entered</u>.
>
> 2. In the event that counsel does not enter an appearance for plaintiff on or before March 15, 2002, <u>the above-captioned action will be dismissed without prejudice</u>.

App. at 4-5 (emphasis added).

3

After receiving permission to withdraw, Reilly withdrew his appearance on behalf of WRS; no other counsel entered an appearance on behalf of WRS on or before March 15, 2002. No action was taken in this case until August 20, 2003, when Reilly filed a Motion to Reopen the case.[1] The District Court denied WRS' Motion to Reopen by Memorandum Order dated September 15, 2003. In that order, the District Court stated that the "case was dismissed without prejudice [and] [t]herefore, if WRS wishes to pursue the claims asserted in its October 13, 2000 complaint, WRS must file a new action against defendants." App. at 3.[2] WRS filed a Motion for Reconsideration, which the District Court denied. WRS then filed this timely appeal.

## II.

At the outset, we must consider whether we have jurisdiction to hear WRS' appeal. Ordinarily, we only have jurisdiction to hear appeals from final decisions of the district court. 28 U.S.C. § 1291. A decision is considered "final" for purposes of § 1291 when the district court's decision "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). "Conversely, if the order specifically contemplates further activity by the District Court, it is not considered final." Berke v. Bloch, 242 F.3d 131, 135 (3d Cir. 2001); see also Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997) ("Ordinarily, a final decision will have two effects. First, the decision will fully resolve all claims presented to the district court. Second, after the decision has

---

[1] In his Motion to Reopen, Thomas Reilly asserted that on July 25, 2003 he had filed an application in the bankruptcy proceeding to be appointed as special counsel for WRS in this case. The Bankruptcy Court granted Reilly's motion on September 10, 2003.

[2] WRS has filed such an action and expects that the defendants will assert a statute of limitations defense.

4

been issued, there will be nothing further for the district court to do.").[3]

We are faced here with what appears to be, at least with respect to the first paragraph of the District Court's February 14, 2002 order, an order administratively closing the case because of the pendency of the bankruptcy proceeding: "It appears that no further action may be taken by the court at this time. The Clerk shall accordingly mark the above-captioned case as closed." App. at 4. In Penn West Assocs. Inc. v. Cohen, 371 F.3d 118 (3d Cir. 2004), we stated that an order administratively closing a case is not, in and of itself, a final order, but then held that because "[t]he practical effect of [the denial to reopen the administratively closed case] was to dismiss Penn West's action," the order denying the motion to reopen "was a final decision under 28 U.S.C. §1291." Penn West, 371 F.3d at 124; see also Brown Shoe Co. v. United States, 370 U.S. 294, 306 (1962) (noting that the Supreme Court of the United States has adopted "[a] pragmatic approach to the question of finality").

The facts in Penn West differ from those before us. There, the case was administratively closed because the parties reported that they had reached a "full and final settlement" and that "there [were] no further matters pending before the Court." 371 F.3d at 121. It does not appear from the Penn West opinion that the district court's order at issue there contained language comparable to that included in the first paragraph of the

_____

[3] Both parties appear to view the denial of WRS' Motion to Reopen as if it were an order denying a Fed. R. Civ. P. 60(b) motion. We have held that such an order is generally a final appealable order. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (stating that "the grant or denial of a Rule 60(b) motion is an appealable order"). More recently, we stated that we may review the denial of a Rule 60(b) motion even when the underlying order is not final if the denial "'wrap[s] up all matters pending on the docket,' thus making the decision final." Torres v. Chater, 125 F.3d 166, 168 (3d Cir. 1997) (quoting Kapco Mfg. Co. v. C & O Enters., 773 F.2d 151, 153 (7th Cir. 1985)).

5

February 14, 2002 order which clearly states that "[n]othing contained in this order shall be considered a dismissal. . . ." App. at 4. In light of such clear language, it is difficult to construe the February 14 order as a dismissal unless there is something in the second paragraph of the February 14 order that does constitute such an order.

## III.

The second paragraph of the court's February 14, 2002 order states that "[i]n the event that counsel does not enter an appearance for plaintiff on or before March 15, 2002, the above-captioned action will be dismissed without prejudice." App. at 4-5 (emphasis added). No appearance was entered by counsel on behalf of WRS by March 15, 2002. Both parties and the District Court have proceeded on the assumption that because no counsel entered an appearance by March 15, there was a subsequent order entered dismissing WRS' suit. That was obviously the predicate of WRS' Motion to Reopen the proceedings. In addition, the District Court stated in its September 15, 2003 order (denying the Motion to Reopen) that the case had been "dismissed without prejudice." App. at 3. Although we have scoured the docket for this order of dismissal, no such order was ever entered.

At oral argument, counsel for the defendants conceded that there was no March 15, 2002 order of dismissal but argued that such an order was not necessary because the order of dismissal could be found within the body of the February 14 order. We disagree. Although we recognize that great deference is given to a district court's interpretation of its own order, see In re Fine Paper Antitrust Litig., 695 F.2d 494, 498 (3d Cir. 1982), there is a substantial difference between giving deference to a district court's interpretation of its order and allowing that court to assume the existence of such an order post hoc. The District Court's original intention to dismiss the case without prejudice should the plaintiffs fail to make an appearance by March 15, 2002 cannot be translated into the entry of an order dismissing the case. Similarly, we cannot now find that the February 14 order contained an implied order of dismissal when it obviously

6

did not.  As a result, we hold that the case was administratively closed pursuant to the February 14 order,[4] but that it was never in fact dismissed.  Indeed, what date should we assume the order was entered?

In Penn West, we stated that administrative closings can become final orders if they contain "a built-in timetable under which the administrative closing may automatically expire, or, alternatively, mature into a final decision."  371 F.3d at 128.  Although orders with a built-in timetable may mature into a final decision, they are not entirely self executing.  Such orders must still be entered into the docket before they can be considered final orders of dismissal.

The need for a separate entry of dismissal, distinct from the administrative order containing the timetable, follows from the decision in United States v. Indrelunas, 411 U.S. 216 (1973) (per curiam), called into question on other grounds, Bankers Tr. Co. v. Mills, 435 U.S. 381 (1978) (per curiam).  In that case, the Supreme Court explained that the separate-document requirement was needed to remove the "considerable uncertainty over what actions of the District Court would constitute an entry of judgment, and [the] occasional grief to litigants as a result of this uncertainty."  411 U.S. at 220.

The problem that can arise because of the failure to file a separate document that completes a self-executing order is exemplified by the facts in Bogaerts v. Shapiro (In re Litas Int'l, Inc.), 316 F.3d 113 (2d Cir. 2003).  In Bogaerts, the bankruptcy court entered an order on July 12, 2000 that required one of the parties to procure certain documents by July 31, 2000, to appear

---

[4] The first sentence of paragraph one of the February 14, 2002 order uses the classic language of administrative closings. See Mercer v. Allegheny Ludlum Corp., 132 F.R.D. 38, 38 n.1 (W.D. Pa. 1990) (stating that "It is the practice of this Court to administratively close those cases where representations are made that settlement is imminent or some other disposition of the case is contemplated by the parties other than adjudication.").

7

for a deposition by August 21, 2000, to pay a discovery sanction by July 31, 2000, and to furnish the court with an affidavit by September 12, 2000 certifying compliance. The order further stated that if the party failed to comply, its claims "'shall be deemed dismissed with prejudice without further order of the Court.'" 316 F.3d at 115 (quoting order of bankruptcy court). Instead of dismissal when the mandated steps were not taken, the bankruptcy court signed a supplemental order setting new deadlines. The non-complying party filed a notice of appeal to the district court which held its appeal untimely. The United States Court of Appeals vacated the judgment of the district court and remanded, holding that the bankruptcy court's July 12 order was not final and that even "self-executing orders" require the court issuing them to enter a final judgment. Id. at 118. It stated that the uncertainties created by conditional orders could have been eliminated by the following procedure:

> [W]hen docketing the supplemental order, the clerk of the [bankruptcy] court could have entered a "tickler" marking as crucial the date on which the conditions were to have been fulfilled. And if Appellant did not comply with the conditions on that date, the clerk could then have entered a judgment pursuant to [Fed. R. Civ. P. 58] without any further direction from the court. In addition, [the Appellant], for whom finality of the decision was perhaps of greatest importance, could easily have asked the court . . . to enter a final (Rule 58) judgment.

Id. at 119.

The potential for uncertainty is significant in cases involving administrative closings with built-in timetables without the entry of an order of dismissal. The requirements for reopening a dismissed case as opposed to an administratively closed case are different. If the administrative-closing order became a self-executing final judgment, the district court could grant a party's motion to reopen only if there were "extraordinary circumstances." See Sawka v. Healtheast, Inc.,

8

989 F.2d at 138, 140 (3d Cir. 1993). Parties need a definitive way of knowing if and when their case has been dismissed. Accordingly, we hold that although an administrative closing may mature into a final order of dismissal, the district court (or bankruptcy court) must enter an order so providing. Without such an entry, the case simply remains administratively closed.

Turning to the case before us, we have already concluded that the District Court's February 14, 2002 order was an administrative closing and not a final judgment. In Halderman by Halderman v. Pennhurst State Sch. and Hosp., 901 F.2d 311, 317 (3rd Cir. 1990), we noted that a court may dismiss a case conditionally and thereby retain jurisdiction. We believe that is effectively what was done here. Because the February 14 order also stated "should further proceedings therein become necessary or desirable, any party may initiate the same in the same manner as if this order had not been entered," App. at 4, counsel would likely have been successful in seeking to reopen the case. We therefore hold that there was no final order, and we have no jurisdiction over the appeal from the order denying the Motion to Reopen. We must remand to the District Court.[5]

---

[5] On remand, the Court may wish to consider the equities argued by WRS here: the statute of limitations has run, the ambiguity of the February 14 order, the unlikelihood that WRS would have knowingly forfeited its $1.2 million claim, the policy underlying 11 U.S.C. § 108, which gives debtors a two-year extension within which to commence an action on a pre-petition claim, which courts have construed as designed to provide extra time "'to investigate and pursue collection of claims for the benefit of the estate.'" United States of Am. for the Use of Am. Bank v. C.I.T. Constr. Inc., 944 F.2d 253, 260 n.10 (5th Cir. 1991) (quoting Northern Specialty Sales, Inc. v. INTV Corp., 57 B.R. 557, 559 n.1 (Bankr. D. Or. 1986)). On the other hand, Plaza argues that § 108 is inapplicable to claims that were already the subject of suit. We leave these issues for the District Court in the first instance. Nothing in the opinion is intended to preclude the District Court from dismissing the case because counsel failed to comply with the requirements of the order to enter an appearance on or before

**IV.**

For the foregoing reasons, we will remand the case to the District Court for proceedings consistent with our decision.