**DLD-070**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4437
_____

IN RE:  MARCUS L. WALLACE,
                                                        Petitioner

_____

On a Petition for Writ of Prohibition
Related to M.D. Pa. No. 3-10-cv-01309

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 16, 2010

Before:  BARRY, FISHER AND STAPLETON, Circuit Judges

(Opinion filed: January 11, 2011)
_____

OPINION
_____

PER CURIAM

      Petitioner, Marcus Wallace, has been charged in the Court of Common Pleas of Franklin County, Pennsylvania, with, among other things, first and second degree murder, aggravated assault, and criminal mischief.  Wallace is currently awaiting trial on those and other charges in three separate criminal cases, all before the Court of Common Pleas.  He has filed an original petition for a writ of prohibition with this Court which appears to be requesting that this Court compel the Honorable Richard J. Walsh of the

Court of Common Pleas to quash the information issued against Wallace.

Although Wallace styles his petition as a writ of prohibition, it more accurately could be classified as a writ of mandamus, because it essentially asks us to compel the Court of Common Pleas to quash the information in his case. See In re Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (explaining that writs of prohibition traditionally confine an inferior court to a lawful exercise of its prescribed jurisdiction, while writs of mandamus compel lower courts to exercise their authority). Regardless of whether the petition is viewed as a writ of prohibition or a writ of mandamus, however, we lack jurisdiction to grant relief and will dismiss the petition. See id. ("[M]odern courts have shown little concern for the technical and historic differences between the two writs.").

Under the All Writs Act, Congress has conferred jurisdiction on this Court to issue writs of prohibition and mandamus only "in aid of" our jurisdiction. 28 U.S.C. § 1651(a). It is thus well-settled that we may issue such writs only if there is an independent basis for subject matter jurisdiction. See United States v. Christian, 660 F.2d 892, 894 (3d Cir. 1981) (explaining that, "[b]efore entertaining" a petition for a writ of mandamus, "we must identify a jurisdiction that the issuance of the writ might assist").

There is no such basis here. Wallace does not allege any action or omission by a United States District Court within this Circuit over which we might exercise our supervisory authority by way of prohibition or mandamus. Cf. id. at 895 ("'The focal

2

question posed for a Court of Appeals by a petition for the issuance of a writ is whether the action of the District Court tends to frustrate or impede the ultimate exercise by the Court of Appeals of its appellate jurisdiction granted in some other provision of the law.'") (citation omitted) (emphasis added). Nor does he allege any action or omission by a federal officer, employee, or agency that a United States District Court might have prohibition or mandamus jurisdiction to address in the first instance. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.") (emphasis added).

Instead, Wallace asks us to exercise our prohibition or mandamus jurisdiction over a state court to compel it to quash the information in his state court case. We do not have jurisdiction to grant that request. See In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official"); see also White v. Ward, 145 F.3d 1139, 1139 (10th Cir. 1998) (explaining that federal courts "lack[ ] jurisdiction to direct a state court to perform its duty"); Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir. 1991) ("[T]his court lacks jurisdiction to issue a writ of mandamus to a state court.").

Accordingly, because we lack jurisdiction to grant the relief that Wallace requests, we will dismiss his petition.