GLD-057                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3572
_____

MARCUS L. WALLACE,
                                        Appellant

v.

COREY FEGAN; COUNTY OF FRANKLIN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-10-cv-01338)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 16, 2011)
_____

OPINION
_____

PER CURIAM

The appellant, Marcus L. Wallace, is a state pretrial detainee, currently housed at the Franklin County Jail in Chambersburg, Pennsylvania.[1]  Proceeding pro se, he filed suit in the United States District Court for the Middle District of Pennsylvania, alleging that four named defendants—Officer Corey M. Fegan, Judge Gary Carter, the Chambersburg Police Department, and Franklin County—had violated his constitutional rights in connection with his arrest and prosecution thus far.  Having identified at length several deficiencies in the complaint, the presiding Magistrate Judge granted Wallace leave to amend to forestall a recommendation of dismissal.  See Order, ECF No. 13. Wallace failed to comply with the Magistrate Judge's requirements as to the form of his amended complaint, but was granted additional leave to amend to correct this shortcoming.  See Order, ECF No. 17.

Wallace then filed the operative amended complaint, ECF No. 19; a discursive document invoking numerous causes of action and multiple claims for relief, the amended complaint appeared primarily to challenge the validity of Wallace's arrest and the state court's denial of bail, although it also requested, inter alia, a gag order against the news media to "prohibit access to publication of any information in relation to" the ongoing criminal case.  The Magistrate Judge concluded that this complaint fared no better than the previous iterations, recommending dismissal, ECF No. 20; the District

---

[1] The docket number for the relevant consolidated criminal action is CP-28-CR-0000213-2010.  We note that Wallace has separately challenged his state pretrial detention—often incorporating many of the same basic issues he raises in the present case—through writs of habeas corpus, mandamus, and prohibition.  See, e.g., Wallace v. Commonwealth of Pa., No. 10-4081 (order entered Jan. 28, 2011); In re Wallace, 405 F. App'x 582 (3d Cir. 2011).

2

Court agreed and, overruling Wallace's objections, adopted the Report and Recommendation and dismissed the case pursuant to 28 U.S.C. § 1915A. Wallace then filed numerous motions under a variety of captions, all of which were dismissed or denied by the District Court. One such filing, captioned "Petition for Writ of Certiorari" and filed on September 7, 2011, see ECF No. 45, was construed as a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291,[2] and conduct plenary review of dismissals pursuant to 28 U.S.C. § 1915A. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Pleadings and other submissions by pro se litigants are subject to liberal construction, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), and we

_____

[2] The District Court's order dismissing the case was issued on November 15, 2010. While it was independently captioned and contained neither reasoning nor factual recitation, it was nonetheless docketed alongside and paginated consecutively to the District Court's memorandum. In LeBoon v. Lancaster Jewish Community Center Association, 503 F.3d 217 (3d Cir. 2007), we discussed the formal requirements for an "independent" document under Fed. R. Civ. P. 58(a) (a.k.a. the "Separate Judgment Rule"), explaining: "To be independent of the court's opinion, an order must be separately titled and captioned, not paginated consecutively to the opinion or memorandum, not stapled or otherwise attached to the opinion, and must be docketed separately." Id. at 224. Mechanically applying the mandates of Rule 58, see United States v. Indrelunas, 411 U.S. 216, 221–22 (1973) (per curiam), we conclude that the November 15 order was not in compliance with the Separate Judgment Rule. Hence, pursuant to Fed. R. Civ. P. 58(c)(2)(B), judgment was entered 150 days later, on April 14, 2011. And, under Fed. R. App. P. 4(a)(1)(A), the time to *appeal* the judgment expired on May 16, 2011.

With these conditions in hand, we construe an earlier "Petition for Writ of Certiorari," sent to the District Court on February 21, 2011, as a timely filed notice of appeal; while falling short of the formal requirements of Fed. R. App. P. 3(c), it is nevertheless the "functional equivalent" of a notice of appeal, and it clearly evidences an intention to seek review. See Fed. R. App. P. 3(c) advisory committee's 1993 note; 3d Cir. L.A.R. 3.4; see also Smith v. Barry, 502 U.S. 244, 248 (1992); cf. Joseph v. Hess Oil V.I. Corp., 651 F.3d 348, 356 (3d Cir. 2011).

are required to accept the truth of Wallace's well-pleaded allegations while drawing reasonable inferences in his favor, Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam). But a pro se complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Motions for reconsideration are reviewed for abuse of discretion. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010).

We have carefully examined Wallace's submissions, which—as the District Court observed—are voluminous, numerous, and difficult to parse. From what we are able to glean, however, we agree with the District Court that his allegations do not state a claim upon which relief could be granted.

First, to the extent that Wallace intended to sue the judges who have presided over his criminal case thus far, they are insulated by both absolute and statutory judicial immunity. See Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Azubuko v. Royal, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam). While "immunity, whether qualified or absolute, is an affirmative defense which must be affirmatively pleaded," Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir. 1986), the District Court did not err in raising it sua sponte, as the defect was apparent from the face of the complaint. Ray v. Kertes, 285 F.3d 287, 296 (3d Cir. 2002).

Wallace also alleged that defendant Fegan violated his Fourth Amendment rights

4

in several ways, principally through a supposed "false arrest."[3] "The proper inquiry in a section 1983 claim based on false arrest or misuse of the criminal process is . . . whether the arresting officers had probable cause to believe the person arrested had committed the offense." Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). Assuming for the moment that Fegan did arrest Wallace—the complaint is not entirely clear on that front—Wallace did not allege that Fegan lacked probable cause to do so. Rather, Wallace asserted that 1) Fegan erred in describing him as a "convicted felon" on the affidavit of probable cause that supported the issuance of an arrest warrant, and that 2) Fegan was acting outside of his jurisdiction when he arrested Wallace. But Wallace has not argued that his status (or lack thereof) as a felon was material to a finding of probable cause in this particular case. See Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997). While Pennsylvania limits the ability of municipal police to arrest suspects outside of their jurisdiction, see 42 Pa. Cons. Stat. Ann. § 8953, the Fourth Amendment is not violated when an otherwise-valid arrest is secured in contravention of a state law regulating the intrastate rules of municipal

---

[3] As Wallace's state criminal trial is still ongoing, civil relief is not categorically barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). See Wallace v. Kato, 549 U.S. 384, 393–94 (2007); Wilkins v. DeReyes, 528 F.3d 790, 801 n.6 (10th Cir. 2008) ("[T]he Heck favorable termination requirement does not apply to false arrest claims in the absence of an existing conviction . . . .").

jurisdiction.[4]

To the extent that Wallace alleged that he was injured by a "policy or custom" of Franklin County, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), we agree with the District Court that Wallace's bare invocation of "policy" and "custom" was insufficient to state a valid claim. Finally, having examined the many documents that Wallace filed following the District Court's dismissal of his complaint, we conclude that the District Court did not abuse its discretion by declining to grant relief from judgment.[5]

We close by observing that Wallace's complaint attempted, in part, to attack the in-progress criminal proceedings in state court; for example, he appeared to request criminal discovery and asked the District Court to "bar action" in the criminal case. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. 37, 45 (1971); see also Lazaridis v. Wehmer, 591 F.3d 666, 670 n.4 (3d Cir. 2010) (per curiam) (listing limited exceptions). His seeming challenge to pretrial incarceration seeks a remedy available only in habeas. See Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007).

In sum, because this appeal presents no substantial question, we will summarily

---

[4] Wallace also raised state-law versions of these claims. But without the existence of viable federal claims, the District Court would have lacked independent subject-matter jurisdiction over them.

[5] On appeal, Wallace seems to stress the apparent inpropriety of a cheek swab to which he was subjected, implying that his constitutional rights were violated in some fashion by the swab. Outside of a cursory mention, Wallace did not raise this claim in his operative

affirm the District Court's judgment. <u>Murray v. Bledsoe</u>, 650 F. 3d 246, 248 (3d Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Wallace's two requests for the admission of exhibits are denied as in part barred and in part unnecessary. <u>See</u> <u>In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts</u>, 913 F. 2d 89, 96 (3d Cir. 1990).

---

amended complaint and, accordingly, to the extent that it requests independent relief, it is waived. <u>Patterson v. Cuyler</u>, 729 F.2d 925, 929 (3d Cir. 1984).