**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1216
_____

GARTOR KIKI BROWN,
                            Appellant

v.

C.O. SABATINO; JOHN REILLY;
DELAWARE COUNTY PRISON BOARD OF INSPECTORS;
HENRY SLEXY; CHIEF LYNCH; SGT. MAUCK; MARIO COLUCCI;
SGT. WOODS; DANA KEITH; KEITH HEYWARD; BEESE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-16-cv-04706)
District Judge:  Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2021

Before: JORDAN, MATEY and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed January 25, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Gartor Brown, a prisoner proceeding pro se, appeals after the District Court dismissed this civil rights action brought under 42 U.S.C. § 1983. For the reasons detailed below, we will affirm in part and vacate and remand in part.

Brown alleged that he was subjected to physical and sexual assaults by prison officials and that medical staff members were deliberately indifferent to his medical needs while he was incarcerated at the George W. Hill Correctional Facility. In his complaint and first amended complaint, Brown initially named seven defendants, six of whom are hereinafter referred to as Defendant Set One; the other was Dr. Michele DiLauro. In his second amended complaint, he included Defendant Set One and added another group of eleven defendants, hereinafter referred to as Defendant Set Two. His second amended complaint did not include Defendant DiLauro. Brown filed a motion for leave to amend his complaint again and, although all three of Brown's complaints had requested compensatory damages in one fashion or another, he filed a motion for leave to add a request for damages.

At this juncture, Defendant Set One and Defendant DiLauro filed separate motions to dismiss for failure to state a claim. Defendant Set Two had not yet been served (they never were). The District Court entered an order, which granted all of Brown's various motions to file amended complaints and granted his request to file a "supplemental pleading," specifying from which defendants he was seeking compensatory damages.

2

The order also directed the Clerk of Court to provide Brown with forms for him to complete and return for service on Defendant Set Two.  Additionally, the order terminated without prejudice Defendant Set One's motion to dismiss, because it was only directed at Brown's first amended complaint.  In doing so, the order stated:

> Given Brown's status as a pro se litigant, this Court liberally construes his pleadings for purposes of motions to dismiss. See Wallace v. Fegan, 455 F. App'x 137, 139 (3d Cir. 2011) (considering all of a pro se litigant's separate submissions in determining whether his allegations state a claim upon which relief can be granted). Defendants may file a motion to dismiss that addresses Plaintiff's multiple amended pleadings.

(ECF 32 at 2).  The Court did not terminate Defendant DiLauro's motion to dismiss.

Brown filed his supplemental pleading, in which he listed each member of Defendant Set Two by name and specified that he was seeking $20,000 from each defendant in punitive damages and whatever amount the court felt necessary in compensatory damages.  In the supplemental pleading, Brown did not include any allegations against Defendant Set Two, and he did not mention Defendant Set One or Defendant DiLauro.

The case was then reassigned to a different District Judge.  Defendant DiLauro filed a motion to dismiss the supplemental pleading as to her, given that she was not mentioned in it.  In response to Defendant DiLauro's motion to dismiss, Brown filed a document entitled, "Extension of Supplemental Pleading," in which he explained that he did not have his legal materials when he filed the supplemental pleading and clarified that he was seeking from each defendant $100,000 in compensatory damages, $100,000 in

punitive damages, and $100,000 in any other category of damages deemed necessary for his injuries. Defendant Set One then filed a motion to dismiss the supplemental pleading, arguing that to the extent it was considered an amended complaint, it should be dismissed, given that it failed to name any of them. Defendant Set One did not address any of the pending claims or specifically request to be dismissed from the case in their motion or in their proposed order.

On March 28, 2018, the District Court entered an order granting Defendant DiLauro's initial motion to dismiss, concluding that the allegations against her in the first amended complaint failed to state a claim.[1] Additionally, the order stated that it was granting Defendant Set One's motion to dismiss the supplemental pleading. The order then stated that "[t]he following parties are dismissed," and listed the names of the individuals who made up Defendant Set Two.

Brown filed a motion for reconsideration, again explaining that he did not have his legal papers when he filed the supplemental pleading, and asserting that it had been his intention to have the supplemental pleading directed at all of the defendants. On August 1, 2018, the District Court denied Brown's motion for reconsideration. In the order, the District Court "clarified" that all claims against Defendant DiLauro had been dismissed

---

[1] The District Court did not address Defendant DiLauro's motion to dismiss the supplemental pleading, but the Court terminated that motion as moot in an order the following day.

4

with prejudice and that the supplemental pleading had been dismissed as to Defendant Set One. The order stated also that it was amending the March 28, 2018 Order to strike the dismissal of Defendant Set Two and directed the Clerk of Court to provide Brown with forms to fill out and return by September 4, 2018, for service of process to Defendant Set Two.[2]

Over a year later, Brown filed a motion to check status, inquiring whether his first, second, and third amended complaints remained pending against Defendant Set One. Two months later, with no word from the Court, Brown filed a motion for default judgment. The District Court denied the motion, concluding that no complaint was currently pending against Defendant Set One because the supplemental pleading had served as a "Second Amended Complaint" and had waived all of Brown's previous claims against those appellees by neither listing them in the filing nor pleading allegations against them. Consequently, the District Court directed the Clerk of Court to mark the case closed. Brown timely appealed.

We have jurisdiction under 28 U.S.C. § 1291.[3] Defendant Set One contends that we have jurisdiction only over the District Court's denial of Brown's motion for default

---

[2] Brown never returned the forms to the Court.

[3] Because Defendant Set Two was never severed with process, its members were never parties to the case within the meaning of Federal Rule of Civil Procedure 54(b). See Gomez v. Gov't of Virgin Islands, 882 F.2d 733, 735-36 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976). Accordingly, the District Court's order is final and appealable, and we have jurisdiction over this appeal. See Gomez, 882 F.2d

5

judgment. However, we agree with Brown, who stated his intent to "appeal a case that was just dismiss[ed]," that his claims remained pending and his case ongoing until the District Court entered its order denying the motion for default judgment and ordering the case closed.[4] Accordingly, we will review the dismissal of Defendant Set One from the action, as Brown requests. We exercise plenary review over the dismissal. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018).

We agree with the District Court that Brown's allegations against Defendant DiLauro failed to state a claim. The extent of Brown's allegations against DiLauro was simply that she was "deliberate[ly] indifferent to [Brown]'s serious medical needs." This factually barren and conclusory allegation fell well short of satisfying the pleading standard. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that a pleading "that offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" fails to state a viable claim (alteration in original) (internal quotation marks omitted)). Accordingly, the District Court did not err in dismissing Defendant DiLauro from the suit.

_____

at 735-36.

[4] Brown could not have appealed the dismissal of Defendant Set One prior to the entry of this order because the claims in his first, second, and third complaints remained pending in light of the District Court's indication that it would construe all of his pleadings together for purposes of a motion to dismiss and its ruling dismissing only the supplemental pleading as to Defendant Set One. See Andrews v. United States, 373 U.S. 334, 340 (1963); Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d 635, 640 (3d Cir. 1991).

However, under the circumstances of this case, we disagree with the District Court that Brown had waived all of his earlier claims against Defendant Set One by failing to include them in his supplemental pleading. Although the general rule is that amended complaints supersede any prior complaints and render prior complaints nullities, see Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017), the District Court here did not instruct Brown to file an amended complaint. Instead, the Court directed him to file a "supplemental pleading," addressing the narrow issue of the damages he was seeking from each defendant.[5] Furthermore, the District Court gave every indication that it would still consider the allegations in his previous complaints after Brown filed the supplemental pleading. The Court stated that it would liberally construe Brown's pro se "pleading**s**" (emphasis added), cited a case that it summarized as "considering all of a pro se litigant's separate submissions in determining whether his allegations state a claim upon which relief can be granted," and noted that "Defendants may file a motion to dismiss that addresses Plaintiff's **multiple amended pleadings**" (emphasis added). Accordingly, the District Court erred by construing the supplemental pleading as a superseding amended complaint that waived Brown's claims against Defendant Set One.

Defendant Set One raises several arguments, which we will briefly address. First, these appellees contend that Brown forfeited the argument that the District Court erred in

---

[5] By contrast, after the District Court screened Brown's initial complaint pursuant to 28 U.S.C. § 1915, the Court dismissed his complaint with leave to amend, and directed him to file an "amended complaint."

7

treating his supplemental pleading as a superseding amended complaint by failing to raise it in his brief. However, although the bulk of Brown's brief was dedicated to the merits of his claims, he asserted multiple times that the District Court should have evaluated the entirety of his pleadings. Defendant Set One argues also that Brown never indicated in his District Court filings that he thought the Court would consider his previous pleadings and that he never explained why he did not include Defendant Set One in his supplemental pleading. However, as noted, in Brown's "Extension of Supplemental Pleading" and motion for reconsideration, he explained that he did not have his legal papers when he filed the supplemental pleading and that he sought damages from all of the defendants. Finally, these appellees argue that the language of the District Court's order stating that they "*may* file a motion to dismiss that addresses Plaintiff's multiple amended pleadings" (emphasis added), meant that whether they addressed Brown's earlier pleadings in a motion to dismiss was left to their discretion, and thus the District Court did not rule that those claims were still pending. Such a reading of the order ignores the context of the statement and the clear indication that the District Court would consider Brown's claims after he filed his supplemental pleading addressing the narrow issue of damages.

For these reasons, we will affirm the District Court's judgment insofar as the District Court dismissed the claims against Defendant DiLauro, vacate it insofar as it dismissed the claims against Defendant Set One, and remand for further proceedings.[6]

---

[6] We express no opinion on the merits of Brown's claims against Defendant Set One and will leave those claims for the District Court to consider in the first instance.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 347 (3d Cir. 2010).